

NUMBER 13-10-00594-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-COMMUNITY JUSTICE
ASSISTANCE DIVISION AND NUECES
COUNTY COMMUNITY SUPERVISION AND
CORRECTIONS DEPARTMENT,                                          Appellants,

v.

LUZELMA CAMPOS, ET AL.,                                          Appellees.

On appeal from the 319th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellants, the Community Justice Assistance Division of the Texas Department

of Criminal Justice ("CJAD") and the Nueces County Community Supervision and

Corrections Department ("CSCD"), appeal the trial court's order (1) denying a plea to the jurisdiction filed by appellees Luzelma Campos, Betty Jo Gonzalez, and Misty Valero, and (2) striking the affidavit of CJAD Director Carey Welebob. By seven issues, appellants argue that the trial court erred in determining it had jurisdiction over the claims filed under the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (West 2011). We affirm in part and reverse and render in part.

## I. BACKGROUND

The underlying suit was brought by appellees against CJAD, CSCD, Nueces County, the Nueces County Substance Abuse Treatment Facility ("SATF"), and two SATF guards, Anthony Allen and Cordell Hayes.[1] In their petition, appellees claimed that the guards sexually harassed and sexually assaulted them "beginning in or about April, 1999," while they were incarcerated at SATF. Appellees asserted that their civil rights had been violated, *see* 42 U.S.C. § 1983 (2006), and asserted claims under the TTCA. Appellees alleged that the TTCA waived sovereign immunity for their claims, which were purportedly based on a premises defect, the use of tangible personal property, and negligent hiring, training, and supervision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (stating that a government unit is liable for injury "caused by a condition or use of tangible personal or real property"); *id.* § 101.022 (establishing a governmental unit's duty with respect to premises defects claims); *id.* § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

---

[1] Appellees also named as a defendant the Nueces County Adult Probation Department, which is the former name of CSCD.

Nueces County filed a plea to the jurisdiction, which the trial court granted. However, we reversed, holding that: (1) appellees' premises defect theory was sufficient to invoke the jurisdiction of the trial court; and (2) appellees must be permitted to replead their allegations regarding the use of tangible personal property and negligent hiring, training and supervision. *Campos v. Nueces County (Campos I),* 162 S.W.3d 778, 786–88 (Tex. App.—Corpus Christi 2005, pet. denied). On remand to the trial court, appellees filed an amended petition, settled their claims with Nueces County, and dropped their claim against SATF. Appellants and the SATF guards remained as defendants. Appellants filed their own plea to the jurisdiction, and the trial court granted that plea on November 2, 2006. Again, we reversed the trial court's judgment as to the claims asserted under the TTCA. *Campos v. Tex. Dep't of Criminal Justice (Campos II),* No. 13-08-00269-CV, 2009 Tex. App. LEXIS 8162, at *8-14 (Tex. App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op.). We held, as in *Campos I*, that: (1) appellees' pleadings were sufficient to allege a premises defect claim and so the trial court had jurisdiction over that claim; and (2) appellees should again be permitted to replead under their other theories because their "ability to state a claim" had been "hampered by the lack of discovery" in the case up to that point. *Id.* at *8-12. However, we affirmed the trial court's dismissal as to appellees' section 1983 claims. *Id.* at *14-22.

On August 30, 2010, appellants filed another plea to the jurisdiction. At a hearing on October 4, 2010, the trial court denied the plea and struck an affidavit filed by appellants authored by Welebob, CJAD's director. This appeal ensued.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Fort Worth v. Davidsaver*, 320 S.W.3d 467, 473 (Tex. App.—Fort Worth 2010, no pet.). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the jurisdictional issue); *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX. R. CIV. P. 166a(c). The government defendant is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227-28. On the other hand, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## III. DISCUSSION

Appellants argue that the trial court erred in denying their plea to the jurisdiction with respect to appellees' TTCA claims because: (1) appellees "failed to provide . . . CSCD with notice of suit as required by the TTCA"; (2) appellees "failed to demonstrate a nexus between their claims and . . . CJAD"; (3) appellees' claims of negligent hiring, training, and supervision "are not cognizable under the TTCA"; (4) appellees' premises liability claims "do not fall under the TTCA's waiver of immunity"; (5) appellees "failed to affirmatively establish jurisdiction without further discovery"; (6) appellees' claims "arise from intentional torts, and are barred under the TTCA"; and (7) the trial court erred in striking Welebob's affidavit. We will address each issue in turn.

## A. Notice to CSCD

To take advantage of the TTCA's waiver of immunity, a plaintiff must notify a governmental unit of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). The notice must reasonably describe the injury, the time and place of the incident, and the incident itself. *Id.* The written notice requirement is inapplicable "if the governmental unit has actual notice that death has occurred or that the claimant has received some injury." *Id.* § 101.101(c). The plaintiff bears the burden of showing that it has complied with the notice requirements of the TTCA. *See Park v. City of San Antonio*, 230 S.W.3d 860, 866 (Tex. App.—El Paso 2007, pet. denied).

Appellants argue by their first issue that CSCD was not provided with timely written or actual notice as required by the TTCA. We agree. The record reflects that, on October 5, 1999, appellees' counsel sent notice letters on behalf of all three appellees to the Nueces County Judge, the Nueces County Commissioners' Court, the Texas Department of Criminal Justice, and CJAD. No notice letter to CSCD appears in the record. Appellees argue that, even if CSCD did not receive written notice, it "investigated or participated in the investigation of [appellees'] allegations," and thus "had actual notice of [appellees'] claims." *See id.* In support of this argument, appellees point to the June 5, 2002 deposition of CSCD director Eddie Gonzalez, an excerpt of which was attached to appellees' response to appellants' latest plea. In that deposition excerpt, Gonzalez stated that several SATF employees resigned or were terminated as a result of an investigation into appellees' allegations. However, Gonzalez does not state when or by whom the investigation was made. Accordingly, that testimony does not establish that CSCD had actual notice of appellees' injuries

6

such that written notice was not required. We conclude that appellees have not met their burden to show that CSCD had written or actual notice of their claims; therefore, the trial court erred in denying CSCD's plea to the jurisdiction. *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). Appellants' first issue is sustained. We proceed to consider the claims made against CJAD.

## B. "Nexus" Between Claims and CJAD

By their second issue, appellants argue that appellees have "failed to demonstrate a nexus between their claims and Defendant CJAD." Specifically, appellants argue that CJAD: (1) did not design or control the SATF and so cannot be held liable under a premises liability theory; (2) did not decide whether to place video cameras in the SATF, and so cannot be held liable for that decision; and (3) did not have any authority over the hiring, training, or supervision of CSCD's employees and so cannot be held liable for negligence in that regard.

Appellants note that appellees "have had over ten years since the time they filed their initial petition to conduct discovery," but that they have "fail[ed] to bring any documents or other evidence before the Court to demonstrate that there has been a valid waiver of immunity for any of their claims against . . . CJAD." This may be true[2]; however, in advancing a plea to the jurisdiction, a defendant cannot simply deny the

---

[2] Although suit was originally filed over a decade ago, the record does not reveal the exact amount of time that appellees have had to conduct discovery. However, even as late as 2009, CJAD did not dispute the notion that "discovery [in this case] is still in its infancy." *Campos v. Tex. Dep't of Criminal Justice (Campos II)*, No. 13-08-00269-CV, 2009 Tex. App. LEXIS 8162, at *11 (Tex. App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op.).

7

existence of jurisdictional facts and force the plaintiff to raise a fact issue, no matter how long the discovery process has taken. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). If the defendant wishes to challenge jurisdictional facts, it must produce relevant evidence negating those facts; and, in the absence of such evidence, we must accept the plaintiff's pleadings as true. *See Miranda*, 133 S.W.3d at 226, 228 (noting that a plea to the jurisdiction is akin to a *traditional*, rather than a no-evidence, motion for summary judgment).

In their live petition, appellees made the following allegations, among others: (1) CJAD controlled the SATF premises such that it could be held liable under a premises liability theory, *see Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225-26 (Tex. 1999); (2) CJAD "permit[ted] Allen and Hayes to have unlimited, unmonitored access to female inmates for extended periods of time"; (3) CJAD "fail[ed] to discipline prior similar conduct by [its] employees"; and (4) CJAD "fail[ed] to properly hire, train, and supervise Allen and Hayes." Though appellants strenuously deny these allegations, they do not direct this Court to any evidence in the record negating them.[3] Accordingly, we must accept them as true, *see Miranda*, 133 S.W.3d at 226, 228, and having done so, we find that appellees have alleged sufficient facts to demonstrate a "nexus" between their claims and CJAD. We overrule appellants' second issue.

## C. Negligence Claims

Appellants argue generally by their third issue that "[t]he TTCA does not waive sovereign immunity from claims of negligent hiring, training, and supervision." We disagree. As noted, the TTCA waives immunity for claims for injuries "caused by a

---

[3] In arguing that there is no "nexus" between appellees' claims and CJAD, appellants repeatedly point to the affidavit by Welebob. We do not consider that affidavit in our analysis, however, because the trial court correctly struck the affidavit for insufficient verification. *See infra* section III.G.

8

condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Nothing in the statute implicitly or explicitly excludes claims of negligent hiring, training, or supervision from this waiver.

Appellants rely on the Texas Supreme Court's ruling in *Petta*, which held that the negligent training claim asserted by the plaintiff in that case "does not involve tangible personal property" and is therefore "not cognizable under the Tort Claims Act." *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 580-81 (Tex. 2001). In that case, the plaintiff alleged that she was assaulted by a police officer after being pulled over. *Id.* at 577. The plaintiff sued the officer as well as his employer, the Texas Department of Public Safety ("DPS"). *Id.* The plaintiff claimed that suit against DPS was authorized by the TTCA because policy and training manuals issued by DPS were used to negligently train and supervise the officer. *Id.* Noting that "information is not tangible personal property since it is an abstract concept that lacks corporeal physical or palpable qualities," the Texas Supreme Court found that Petta's claims "involve the misuse or non-use of information and are thus barred by sovereign immunity." *Id.* at 581.

The instant case is distinguishable from *Petta*. Here, appellees have re-pleaded since our decision in *Campos II* and clarified how the appellants' allegedly negligent hiring, training, and supervision of employees and their allegedly negligent implementation of policies caused appellees injury by a condition or use of tangible property. In their original pleading, the details of appellees' claims were limited to the rooms and surveillance cameras of the SATF, whereas appellees' amended petition elaborates as follows:

> In order for Defendants Allen and Hayes to gain exclusive, private, unmonitored, and unfettered access to [appellees], to thwart escape from

9

the assaults, and to wrongfully confine [appellees] during the assaults, various tangible property at the [SATF] was used, including the laundry room and adjacent storage room, a laundry cart, keys, the storage room door, and surveillance cameras and monitors. For example, at the time of the assaults, which took place in the laundry room and the storage room off of the laundry room, Allen and Hayes rolled a laundry cart in front of the door to the laundry room, thereby blocking the doorway. For an assault that occurred in the storage room, not only did Allen and Hayes roll a laundry cart in front of the laundry room door, Hayes also unlocked the storage room door with his keys and closed the door, which locked behind him. Adjacent to the laundry room was the room where surveillance monitors were located. The monitors showed the views from the surveillance cameras. The cameras were pointed such that they had no view of the laundry room or storage room where the assaults occurred but showed views of persons headed towards those areas. The monitors were visible from just outside the laundry room, so Allen and Hayes, before and during assaults, viewed the monitors and thereby used the monitors and cameras to ensure that no one was moving towards the laundry room as they assaulted [appellees], undetected. The use of this tangible personal property proximately caused [appellees'] injuries.

The tangible property allegedly used was not "abstract" but rather included "the laundry room and adjacent storage room, a laundry cart, keys, the storage room door, and surveillance cameras and monitors" inside the SATF. Taking appellees' allegations as true, *see Miranda*, 133 S.W.3d at 226, 228, we conclude that their pleadings affirmatively demonstrate the subject matter jurisdiction of the trial court with respect to their claims of negligent hiring, training, and supervision. *See Campos I*, 162 S.W.3d at 787 ("Nothing in this opinion should be construed as either favoring or disfavoring the theory advanced by [appellees], except that their theory is sufficient to invoke the jurisdiction of the court regardless of whether it is ultimately successful."). Appellants' third issue is overruled.

**D.     Premises Liability**

By their fourth issue, appellants contend that appellees' premises liability claims "do not fall within the TTCA's waiver of immunity." Specifically, appellants argue that

the design of the SATF was a discretionary decision for which immunity is not waived.[4] We agree.

Discretionary acts are explicitly excluded from the TTCA's waiver of immunity. TEX. CIV. PRAC. & REM. CODE ANN. § 101.056(a) ("This chapter does not apply to a claim based on . . . the failure of a governmental unit to perform an act that the unit is not required by law to perform. . . ."). Texas courts have repeatedly held that "design decisions" are discretionary, and therefore immunity is not waived under the TTCA for such claims. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bruen*, 92 S.W.3d 24, 26 (Tex. App.—San Antonio 2002, pet. denied); *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 733 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Cortez v. Weatherford Indep. Sch. Dist.*, 925 S.W.2d 144, 149-50 (Tex. App.—Fort Worth 1996, no writ) (concluding that a design decision to not equip a school bus with a stop arm was an exercise of discretionary powers and immunity was not waived); *Johnson v. Tex. Dep't of Transp.*, 905 S.W.2d 394, 397-98 (Tex. App.—Austin 1995, no writ) (holding that stop sign placement was a design decision shielded by immunity); *Maxwell v. Tex. Dep't of Transp.*, 880 S.W.2d 461, 463 (Tex. App—Austin 1994, writ denied) (finding that the design of roads and bridges, including the installation of safety features such as guard rails and barricades, was not subject to TTCA's waiver); *Mitchell v. City of Dallas*, 855 S.W.2d 741, 745 (Tex. App.—Dallas 1993), *aff'd* 870 S.W.2d 21 (Tex.

---

[4] Appellants also argue that appellees' premises liability claims must fail because (1) appellants did not design the SATF, and (2) appellants "have no duty to warn of or repair a defectively designed premises." These arguments go exclusively to the merits of appellees' claims and are therefore inappropriate for resolution at this stage of the proceedings. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see also Campos v. Nueces County (Campos I)*, 162 S.W.3d 778, 787 (Tex. App.—Corpus Christi 2005, pet. denied) ("[W]e emphasize that the purpose of a 'plea [to the jurisdiction] is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached.'") (citing *Blue*, 34 S.W.3d at 554).

11

1994) (holding that design decisions made by city are discretionary and therefore immune); *Shives v. State*, 743 S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied) (noting that decisions not to place a traffic light at an intersection and not to reduce speed limit were shielded by immunity). Appellees' premises liability claims are based on the following allegations contained in their live petition:

> [CJAD is] liable for conditions of the premises because the facility used by the SATF, which [it] controlled, contains security cameras that were improperly placed, as well as various doors, rooms, and enclosures, which permitted guards to have unlimited, unmonitored access to inmates for extended periods of time, provided the seclusion necessary for the sexual harassment and assaults to occur, and prevented any reasonable opportunity for [appellees] to escape. [CJAD] negligently and grossly negligently allowed these premises defects to exist, failed to correct them, and failed to follow existing policies and adopt new policies designed to minimize the risk of harm they created. These unreasonably dangerous conditions of the premises, of which [appellees] were unaware but [CJAD was] aware prior to the assaults on [appellees], proximately caused [appellees'] injuries . . . .

These allegations, even if taken as true, *see Miranda*, 133 S.W.3d at 226, 228, represent complaints as to the design of the SATF and therefore are excluded from the TTCA's waiver and are barred by immunity. *See, e.g., Bruen*, 92 S.W.3d at 26. Appellants' fourth issue is sustained.

## E.    Jurisdiction Without Further Discovery

By their fifth issue, appellants argue that, pursuant to the "law of the case" doctrine, we must conclude that appellees failed to affirmatively establish the trial court's jurisdiction. Specifically, appellants argue that "this Court already held [in *Campos II*] that [appellees] failed to affirmatively establish jurisdiction without further discovery," and that, because no discovery was allegedly conducted by appellees since

that time, we are bound to conclude now that jurisdiction has not been affirmatively established. We again disagree.

Under the "law of the case" doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). By narrowing the issues in successive stages of the litigation, the doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003).

We stated in *Campos II* that "it is unclear from the pleadings how the surveillance cameras and rooms in the SATF facility may have been used, as opposed to not used, and thereby caused an injury to [appellees]." 2009 Tex. App. LEXIS 8162, at *12. Because the underlying factual allegations were unclear, we stated that the pleadings that were before the trial court at the time were insufficient and that "discovery should be permitted before [appellees] are required to replead." *Id.* at *12–13. Nowhere in either of our prior decisions did we state that appellees were *required* to conduct additional discovery prior to filing amended pleadings. On the contrary, the purpose of the above-quoted admonition in *Campos II* was solely to ensure that the trial court had the benefit of fully developed factual pleadings before it ruled on appellants' plea to the jurisdiction. *See id.* at *13–14 ("[O]nce the facts are developed and repleaded, and when evidence is available, the trial court may revisit the issue. But for now, it is unsuitable for a decision that precludes the litigation from proceeding.").

We have already held that appellees' current pleadings, amended since *Campos II*, are sufficient to affirmatively establish jurisdiction. Whether or not appellees actually

13

conducted additional discovery in order to develop the additional factual allegations contained in those pleadings is of no import. Further, it is not inconsistent for this Court to (1) hold in *Campos II* that the active pleadings at that time were insufficient to show jurisdiction, and (2) hold in the instant case that the active pleadings at this time are sufficient to show jurisdiction. The law of the case doctrine does not apply. Appellants' fifth issue is overruled.

**F.    Intentional Torts**

By their sixth issue, appellants argue that appellees' claims "arise from intentional torts" and are therefore not authorized under the TTCA. The TTCA specifically excludes waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057. In *Campos I*, we stated that, "[a]lthough this case certainly involves allegations of intentional torts, the mere intermingling of intentional torts with the negligence of a governmental unit does not render the governmental unit immune." 162 S.W.3d at 786 (*citing Young v. Dimmitt,* 787 S.W.2d 50, 51 (Tex. 1990)). We concluded that the premises defects claim "does not arise out of the intentional torts involved in this case but out of the alleged negligence of [Nueces County] in failing to remedy defects in the facility . . . when it either knew or should have known that the defects presented a risk of injury to inmates." *Id.* We arrived at the same conclusion with respect to appellants in *Campos II.* 2009 Tex. App. LEXIS 8162, at *8-9.

Appellants repeat the same arguments that were raised in *Campos I* and *Campos II.* Once again, we are not persuaded. For the reasons set forth in *Campos I,* we hold that appellees' claims are not barred merely because the allegedly negligent

14

conduct was accompanied by intentional torts. *See* 162 S.W.3d at 786. Appellants' sixth issue is overruled.

## G. Striking of CJAD's Affidavit

Finally, by their seventh issue, appellants argue that the trial court erred in striking the affidavit of CJAD Director Welebob. Welebob's affidavit stated in part that:

> The [TDCJ (Texas Department of Criminal Justice)] does not, and never did, participate in the day-to-day supervision of the Nueces County CSCD employees. . . . The [TDCJ] does not own the Nueces County [SATF]. The [CJAD] did not design the Nueces County [SATF]. The [TDCJ] is not the agency that decides whether or not to place video cameras within the Nueces County [SATF]. The [TDCJ] is not the agency that determines where video cameras should be placed within the Nueces County [SATF].

The affidavit concluded with the following statement: "I declare under penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief."

An affidavit not explicitly based on personal knowledge is legally insufficient. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010) (citing *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam)); *In re Smith,* 270 S.W.3d 783, 793 (Tex. App.—Waco 2008, orig. proceeding) (stating that affidavit verification was inadequate where facts were based on "the best of [affiant's] knowledge."); *see also* TEX. R. EVID. 602 ("A witness may not testify to a matter unless . . . the witness has personal knowledge of the matter."). A verification that does not expressly state the facts are based on personal knowledge such that perjury can be assigned upon it is inadequate as verification. *In re Smith,* 270 S.W.3d at 793.

Welebob did not state in her affidavit that the facts contained therein were based on personal knowledge; rather, she stated only that the facts were "true and correct to

15

the best of my knowledge and belief." This is insufficient verification. *See id.* Accordingly, the trial court did not err in striking the affidavit. We overrule appellants' seventh issue.

## IV. CONCLUSION

We reverse those portions of the trial court's judgment: (1) denying CSCD's plea to the jurisdiction and (2) denying CJAD's plea to the jurisdiction with respect to its premises liability claims. We render judgment dismissing appellees' premises liability claims against CJAD, and all of appellees' claims against CSCD, for want of jurisdiction. The remainder of the trial court's judgment is affirmed.[5]

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
11th day of August, 2011.

---

[5] In their brief, appellees contend that the instant appeal is frivolous and suggest "that perhaps sanctions just might be appropriate." *See* TEX. R. APP. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). We conclude, after reviewing the record and the briefs on file, that the appeal was not frivolous. Accordingly, the request for sanctions is denied.