

NUMBER 13-10-00663-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF C.C., D.L.C., AND A.D.A, MINOR CHILDREN

**On Appeal from the County Court at Law No. 5
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion Per Curiam**

Appellant, Katherine Couturier, seeks to appeal a judgment terminating her parental rights to her children, C.C, D.L.C., and A.D.A.   We dismiss the appeal for want of jurisdiction.

The judgment of termination was signed on July 17, 2010.  The clerk's record includes a notice of appeal which is dated June 29, 2010, but which was not filed by the clerk until November 22, 2010.  Upon review of the notice of appeal and the clerk's

record, the Clerk of this Court notified appellant that it appeared that her notice of appeal was untimely. The Clerk instructed appellant that if this defect was not cured within ten days from the date of receipt of that notice, the appeal would be dismissed. Subsequently, appellee, the Texas Department of Family and Protective Services, filed a motion to dismiss this appeal for lack of jurisdiction because the notice of appeal was not timely filed. In response to the notice of defect and appellee's motion to dismiss, appellant asserts that she attempted to file a notice of appeal on June 29, 2010, and the affidavit of her counsel "establishes a presumption that the Notice of Appeal was timely filed."

A timely notice of appeal invokes this Court's jurisdiction. *See* TEX. R. APP. P. 25.1, 26.1; *Garza v. Hibernia Nat. Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appeal of a judgment terminating the parent-child relationship is an accelerated appeal, and notice of appeal must be given within twenty days after the judgment or order is signed. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2010); TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal is necessarily implied when an appellant, acting in good faith, files a perfecting instrument beyond the time allowed, but within the fifteen-day period within which the appellant would be entitled to move to extend the filing deadline. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

In the instant case, the order of termination was signed on July 17, 2010. Appellant did not file a notice of appeal until November 22, 2010. That same day, appellant's counsel filed an affidavit with the trial court which states, in its entirety:

> I, [counsel], do swear and affirm that the following Statement is true and correct to the best of my personal knowledge:
>
> I am over 18 years of age and fully competent to make this affidavit The following is true and correct to the best of my knowledge:
>
> On or about June 29th, 2010 my office filed a notice of appeal and notice of withdrawal for the Judge's consideration but did not receive a file-stamped copy and a copy was sent to the County Attorney and notice provided to Gerald D'Alessio. The error was not done intentionally or by conscience [sic] indifference and am [sic] filing the notice of appeal and withdrawal motion which was conferred upon with the court and the state.

Two days later, on November 24, counsel filed a motion for extension of time to file his notice of appeal stating that "[o]n June 29, 2010 counsel attempted to file fax a notice of appeal and withdrawal. After a diligent search and inquiries a file stamped copy was not found. Therefore, counsel has re-filed the notice of appeal and notice of withdrawal and . . . files this motion for an extension of time." The motion for extension of time was not verified or supported by affidavit.

An attorney's uncontroverted affidavit may be sufficient evidence of a filing date. *See Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex. 1995) (per curiam); *Coastal Banc SSB v. Helle*, 988 S.W.2d 214, 216 (Tex. 1999) ("The uncontroverted affidavits of the court clerk and Coastal's counsel, as well as the shipping receipt submitted by Coastal, demonstrate that Coastal's certificate of cash deposit in lieu of bond was timely delivered to the clerk on or before the July 14 deadline."). However, the affidavit filed in this case pertaining to the notice of appeal attests that the factual assertions in the

3

affidavit are "true and correct to the best of my knowledge." An affidavit not explicitly based on personal knowledge is legally insufficient. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam) (holding that respondent to a motion for summary judgment failed to raise a fact issue by producing an affidavit in which the affiant attested that her factual assertions were "true and correct to the best of my knowledge and belief"); *In re Smith*, 270 S.W.3d 783, 793 (Tex. App.—Waco 2008, orig. proceeding) (stating that affidavit verification was inadequate where facts were based on "the best of [affiant's] knowledge."); *see also* TEX. R. EVID. 602 ("A witness may not testify to a matter unless . . . the witness has personal knowledge of the matter."); *Tex. Dep't of Crim. Justice-Community Justice Assistance Div. v. Campos*, 2011 Tex. App. LEXIS 6356, at **22–24 (Tex. App.—Corpus Christi Aug. 11, 2011, pet. filed). A verification that does not expressly state the facts are based on personal knowledge such that perjury can be assigned upon it is inadequate as verification. *In re Smith*, 270 S.W.3d at 793.

In the instant case, the affidavit proffered to show that the notice of appeal was timely filed is insufficient insofar as it is not explicitly based on the affiant's personal knowledge. Moreover, the affidavit at issue does not: (1) identify the individual who allegedly filed the notice of appeal; (2) identify the method of filing the notice of appeal, whether by mailing, hand delivery, or otherwise; (3) state that the notice was filed with the trial court clerk as required by the appellate rules; (4) include any supporting documentation, such as affidavits or mailing records; or (5) explain why the notice of appeal that was allegedly filed on June 29, 2010, was premature insofar as the order of termination was signed July 17, 2010. *See* TEX. R. APP. P. 27.1(a) (stating that a

prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal).

As a general rule, appellate courts should not dismiss an appeal for a procedural defect whenever an arguable interpretation of the appellate rules would preserve the appeal. *See Verburgt*, 959 S.W.2d at 616–17. However, appellant cites no authority, and we are not aware of any, that authorizes us to conclude that a notice of appeal was timely filed when the record fails to contain that notice of appeal and there is no indication in the record that this failure was due to any actions or inactions by the trial court clerk.

Because the termination order was signed on July 17, 2010, that order and the disposition of this case are governed by the law in effect on that date. Act of May 5, 2011, 82nd Leg., R.S., ch. 75, § 8, 2011 Tex. Sess. Law Serv. 348, 349 (West Supp. 2010) ("A final order rendered before the effective date [Sept. 1, 2011] of this Act is governed by the law in effect on the date the order was rendered, and the former law is continued in effect for that purpose."). Former Family Code subsection 263.405(i) provides: "The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, repealed by Act of May 5, 2011, 82nd Leg., R.S., ch. 75, § 5, 2011 Tex. Sess. Law Serv. 348, 349 (West Supp. 2010).

In the instant case, the record lacks a statement of points. The former statute is clear that a party who does not file a statement of the points on appeal within fifteen days does not preserve any issues for appeal. *See id.*; *In re R.M.R.*, 218 S.W.3d 863, 864

(Tex. App.—Corpus Christi 2007, no pet.); *In re M.N.*, 230 S.W.3d 248, 249 (Tex. App.—Eastland 2007, pet. filed); *In re T.T.*, 228 S.W.3d 312, 317 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re J.W.H.*, 222 S.W.3d 661, 662 (Tex. App.—Waco 2007, no pet.); *In re D.A.R.*, 201 S.W.3d 229, 230 (Tex. App.—Fort Worth 2006, no pet.). In a situation such as this, where the statement of points was not filed, under the express terms of the former statute, there is no contention of error that can be raised that we may consider on appeal. *In re R.M.R.*, 218 S.W.3d at 864. Thus, even if we had obtained jurisdiction over this matter with a timely filed notice of appeal, we would be unable to consider any alleged error in the proceedings below.

We grant appellee's "Motion to Dismiss Appeal for Lack of Jurisdiction." We DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
12th day of January, 2012.

6