# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-0728
═══════════

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-COMMUNITY JUSTICE ASSISTANCE
DIVISION, PETITIONER,

v.

LUZELMA CAMPOS, BETTY JO GONZALEZ, AND MISTY VALERO, RESPONDENTS

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**PER CURIAM**

The Texas Department of Criminal Justice Community Justice Assistance Division (TDCJ) brings this interlocutory appeal from the denial of its plea to the jurisdiction as to claims for damages related to actions of two Nueces County Substance Abuse Treatment Facility (SATF) officers. The claims against TDCJ based on the use of tangible property involved intent to accomplish intentional torts, and its plea to the jurisdiction as to those claims should have been granted. Its plea as to the remaining claims also should have been granted because there was no allegation that those claims resulted from the use of tangible property. We reverse and render judgment dismissing the claims against TDCJ for want of jurisdiction.

Luzelma Campos, Betty Jo Gonzalez, and Misty Valero (collectively, the Plaintiffs) were referred to the SATF for detention. The SATF is operated by the local Community Supervision and

Corrections Department (CSCD). *See* TEX. GOV'T CODE §§ 76.004(b), 76.006(a)–(b). TDCJ furnishes administrative and technical assistance to the SATF, including officer training and certification. *See id.* §§ 509.003–.005, 509.008–.009.

In December 2000, the Plaintiffs sued Nueces County, TDCJ, and two SATF officers, Anthony Allen and Cordell Hayes. The Plaintiffs alleged that Allen and Hayes sexually harassed and assaulted them while they were at the SATF. As relevant to this appeal, they asserted claims against TDCJ for violation of 42 U.S.C. § 1983; premises defect; and negligent hiring, training, supervision, and implementation of policy. The Plaintiffs later added CSCD as a defendant.

TDCJ and CSCD filed a joint plea to the jurisdiction based on governmental immunity, which the trial court granted in November 2006.[1] The court of appeals affirmed the dismissal of the § 1983 claims but reversed as to the negligence claims. *Campos v. Tex. Dep't of Criminal Justice (Campos II)*, No. 13–08–00269–CV, 2009 WL 3385248, at *8 (Tex. App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op.). The appeals court held that (1) the Plaintiffs' pleadings were sufficient to allege a premises defect claim under the Texas Tort Claims Act (TTCA), *see* TEX. CIV. PRAC. & REM. CODE § 101.021(2); and (2) the Plaintiffs should be permitted to replead under their other theories of negligence after being allowed time for additional discovery. *Id.* at *3–*5, *8.

After remand, the Plaintiffs filed their fourth amended original petition. In it they alleged that in order to gain exclusive, private, unmonitored, and unfettered access to them and to wrongfully confine them during the assaults, Allen and Hayes used property such as a laundry room, a laundry

_____

[1] In 2003, the trial court granted Nueces County's plea to the jurisdiction. The court of appeals reversed and remanded. *Campos v. Nueces Cnty.*, 162 S.W.3d 778, 782 (Tex. App.—Corpus Christi 2005, pet. denied). The County was ultimately dismissed from the suit.

2

cart, and a storage room. TDCJ and CSCD again filed a joint plea to the jurisdiction. This time the trial court denied the plea.

TDCJ and CSCD appealed and the court of appeals affirmed in part, reversed in part, and rendered in part. ___ S.W.3d at ___. The court dismissed all of the Plaintiffs' claims against CSCD and the premises liability claims against TDCJ because immunity had not been waived. *Id.* But it held that immunity was waived for the claims against TDCJ for negligent hiring, training, and supervision of employees and negligent implementation of policy because the TTCA waives the State's immunity for "personal injury . . . so caused by a condition or use of tangible personal or real property." *Id.* at ___; *see* TEX. CIV. PRAC. & REM. CODE § 101.021(2). It further held that the "intentional-torts exception," which excludes waiver for claims "arising out of assault, battery, false imprisonment, or any other intentional tort" did not bar the Plaintiffs' claims "merely because the allegedly negligent conduct was accompanied by intentional torts." ___ S.W.3d at ___; *see* TEX. CIV. PRAC. & REM. CODE § 101.057(2).

In this Court TDCJ argues that (1) the relationship between Plaintiffs' theories of liability and TDCJ is "too attenuated to waive immunity" under the TTCA, (2) the Plaintiffs' allegations against it assert a non-use or misuse of information for which the TTCA does not waive immunity, and (3) even assuming immunity is waived under the TTCA based on a misuse of property, the intentional-torts exception under Texas Civil Practice and Remedies Code section 101.057(2) bars the suit. We agree that TDCJ's immunity was not waived.

First we note that appellate courts generally have jurisdiction only over appeals from final judgments. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). But a party may

3

appeal from certain interlocutory orders, including the denial of a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). While the court of appeals' judgment is usually conclusive on interlocutory appeal, we may consider an interlocutory appeal when the court of appeals holds differently from a prior decision of this Court. TEX. GOV'T CODE §§ 22.001(a)(2), (e); 22.225(c). We have jurisdiction because the holding of the court of appeals conflicts with our decision in *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575 (Tex. 2001).

The Plaintiffs urge that TDCJ's immunity has been waived by the TTCA because Allen and Hayes used tangible property in perpetrating the assaults. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2) (waiving immunity when injuries are caused by a condition or use of tangible property). They reference, for example, Allen and Hayes's use of a laundry cart that they rolled in front of the door to the laundry room to block the doorway when they performed the assaults. The court of appeals held that immunity from the negligence claims was waived because of this use or condition of property. We disagree with that conclusion. The Plaintiffs do not assert that Allen and Hayes used the property for any purpose or with any intent other than to effect their intentional assaults of the Plaintiffs. Additionally, the Plaintiffs' claims based on negligent conduct do not involve the use of tangible property. As we explain below, the Plaintiffs' allegations do not present a claim within the TTCA's waiver of immunity for governmental entities.

In *Petta* we addressed negligence claims against a governmental entity where the underlying conduct was intentional in nature. Melinda Petta sued the Texas Department of Public Safety after a trooper allegedly assaulted her. *Petta*, 44 S.W.3d at 576. We held that immunity was not waived

4

for claims based on conduct such as the trooper's hitting Petta's car window and shooting at her tires because those actions were intentional and fell within the exclusion for claims arising out of assault, battery, and false imprisonment. *Id.* at 580. We also held that immunity was not waived for claims that the Department negligently failed to furnish proper training and instruction to the trooper because information, even if written down, is not tangible property but is only an abstract concept. *Id.* at 580-81.

The court of appeals determined that this case is distinguishable from *Petta* because property such as a laundry room and adjacent storage room, a laundry cart, and keys were used in this case, and such property is tangible and not abstract. ___ S.W.3d at ___. But even assuming the Plaintiffs' injuries were caused by a use of tangible property, the Plaintiffs' only allegations regarding this property were that it was used in the course of Allen and Hayes gaining "exclusive, private, unmonitored, and unfettered access to the Plaintiffs, to thwart escape from the assaults, and to wrongfully confine Plaintiffs during the assaults." The property was only used with intent to accomplish the assaults of which the Plaintiffs complain. Thus, the property's use is encompassed within the exclusion of claims arising from intentional torts.[2] TEX. CIV. PRAC. & REM. CODE § 101.057(2); *see Petta*, 44 S.W.3d at 580.

_____

[2] TDCJ asserts that contrary to Plaintiffs' allegations in their pleadings, Allen and Hayes are not State employees but are employees of CSCD. *See Delaney v. Univ. of Houston*, 835 S.W.2d 56, 59 (Tex. 1992) (concluding that the intentional tort exception only applies if a governmental employee's conduct is the subject of the complaint). But when reviewing a plea to the jurisdiction, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in its favor. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). Even if Allen and Hayes are not TDCJ employees and the intentional tort exception is inapplicable, our ultimate conclusion would not change because Campos must show a waiver of immunity for her separate negligence claim against TDCJ. *See Delaney*, 835 S.W.2d at 60.

However, even if a claim is based on an intentional tort, a governmental entity may still be liable for negligence if that negligence is distinct from the intentional tort. *Young v. Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990) ("Although a governmental unit is immune from claims arising out of intentional torts, petitioners' negligent employment and entrustment claims arise out of the alleged negligence of the city employees supervising the officer, not out of the officer's intentional tort." (citation omitted)). But a cause of action for negligent supervision or training must satisfy the TTCA's use of tangible property requirement. *Petta*, 44 S.W.3d at 581. The Plaintiffs' claims do not.

The Plaintiffs allege, without elaboration, that TDCJ failed to discipline prior inappropriate conduct by other employees, failed to properly hire, train, and supervise Allen and Hayes, and failed to screen, educate, train, supervise, investigate, or otherwise direct employees with regard to sexual harassment and assault. The Plaintiffs do not allege that a "use" of tangible property was involved in any of these failures. *See id.* at 580-81 (concluding that claims related to negligent failure to train, instruct, and discipline involved the misuse or non-use of information which is not tangible property). Thus, the TTCA does not waive TDCJ's immunity from the claims.

The Plaintiffs also allege that TDCJ is liable because it made tangible property available to Allen and Hayes. But providing someone with property that is not inherently unsafe is not a "use" under the TTCA. The Plaintiffs do not claim that the property Allen and Hayes used was inherently unsafe, so TDCJ's immunity is not waived for making the property available to them. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004) ("If all 'use' meant were 'to make available,' the statutory restriction would have very little force.").

6

Finally, the Plaintiffs claim that TDCJ permitted surveillance cameras to be improperly located. "Use" under the TTCA means "to put or bring into action or service; to employ for or apply to a given purpose." *Id.* Even assuming the truth of the allegations that TDCJ determined improper locations for placement of the cameras, its decisions do not equate to "using" the cameras, that is, putting or bringing them into service or employing or applying them to a given purpose. Using the cameras for surveillance is different from deciding where to place them so they might later be used.

Although the allegations in the Plaintiffs' pleadings do not demonstrate the court's jurisdiction, neither do they affirmatively negate it. The situation is a matter of pleading sufficiency, and in such situations, plaintiffs should generally be given an opportunity to amend the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). However, if a governmental entity has asserted in the trial court that it is immune and a plaintiff fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to conduct discovery directed to the issue and amend the pleadings, then the case should be dismissed. *Rusk State Hosp. v. Black*, ___ S.W.3d ___, ___ (Tex. 2012); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). In this case the Plaintiffs amended their petition three times over a period of nine years after TDCJ filed its first plea to the jurisdiction. Prior to the Plaintiffs' last amendment the court of appeals had noted "it is unclear from the pleadings how the surveillance cameras and rooms in the SATF facility may have been used, as opposed to not used, and thereby caused an injury." *Campos II*, 2009 WL 3385248, at *5. The plaintiffs have had a reasonable opportunity to engage in discovery on the immunity question and amend their pleadings, but nevertheless have not alleged or shown

facts demonstrating their injuries were caused by TDCJ's use of tangible property. Accordingly, they have failed to demonstrate a waiver of TDCJ's immunity.

We grant TDCJ's petition for review. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and dismiss the Plaintiffs' claims against TDCJ.

**OPINION DELIVERED:** October 26, 2012