# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00108-CV

**Bobby Oxford, Appellant**

**v.**

**City of Ballinger, Tommy New, Steve Nixon, Mike King, and J.C. Gore, Appellees**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 15,108, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Bobby Oxford, an inmate in the Texas Department of Criminal Justice's Institutional Division, appeals pro se from the trial court's order granting appellee the City of Ballinger's plea to the jurisdiction. For the reasons that follow, we affirm the trial court's order.

## BACKGROUND

Oxford sued appellees in September 2012. Oxford alleged that appellees intentionally destroyed his mobile home and stole other property. He sought to recover damages for property damage, theft, destruction of evidence, and personal injury damages for "severe emotional distress."[1] The record reflects that the property was condemned and demolished by employees of the City of Ballinger.

---

[1] Oxford contended that the City destroyed evidence that was relevant to his claims in a separate suit that is also on appeal to this Court. *See Oxford v. Pinckney*, No. 03-13-00109-CV. As to the personal injury damages, Oxford also sought damages for Debra Long who was not a party to the case.

The City filed a motion to dismiss the individual defendants under section 101.106(e) of the Texas Tort Claims Act (TCA) because they were employees of the City. *See* Tex. Civ. Prac. & Rem. Code § 101.106(e). Section 101.106(e) provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011) ("[A]ll [common-law] tort theories alleged against a governmental unit . . . are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)). The trial court granted the motion without a hearing.

The City then filed a plea to the jurisdiction based on its immunity from Oxford's claims. The City urged that there was no waiver of its governmental immunity because the only cause of action asserted was for intentional infliction of emotional distress. The City also urged that Oxford had "failed to assert any statutory or constitutional provision that allows him to bring suit against the City under the facts alleged." Oxford filed a "Motion to Object to Defendants Plea to the Jurisdiction Based on Sovereign Immunity." He challenged the condemnation proceeding and urged that his cause of action fell within one of the waiver provisions of the TCA. He also attached evidence, including photos of the mobile home and a statement of expenses of the condemnation. After a hearing, the trial court granted the City's plea to the jurisdiction. This appeal followed.

**ANALYSIS**

Oxford raises six issues on appeal. He contends that the trial court erred: (i) "in not reviewing the facts of said cause," (ii) "in not reviewing said summary judgment," (iii) "in failing to consider that the great weight of evidence showed City of Ballinger Officials and employees was

2

[sic] in the wrong," (iv) "prejudiced by allowing a one sided hearing in the defendants' side [sic]," (v) "in violating plaintiff's state and constitutional rights," and (vi) "in not ruling on the amended motion that was timely filed." Oxford's argument section of his brief primarily attacks the condemnation proceeding. He urges that the City employees should not be able to take whatever they want on private property.

Oxford does not dispute that his claims are governed by the TCA and that the individual defendants were employees of the City. *See* Tex. Civ. Prac. & Rem. Code §§ 101.001–.109. Thus, because Oxford sued both the City and its employees, the trial court properly granted the City's motion to dismiss the individual defendants. *See id*. § 101.106(e). The only remaining issue then is whether the trial court erred by granting the City's plea to the jurisdiction. A City's governmental immunity and the limited waiver of governmental immunity under the TCA are well established. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). The standard of review from a trial court's grant of a plea to the jurisdiction is also well established. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In its plea, the City challenged the trial court's jurisdiction based on Oxford's pleadings. We turn then to review Oxford's petition to determine whether he pleaded facts that affirmatively demonstrated the trial court's subject matter jurisdiction. *Id.* In his petition, Oxford did not allege that any City employee was negligent but that the City and its employees acted with intent in the demolition and cleanup of the property. The TCA specifically provides that there is no waiver of immunity for claims "arising out of" intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim . . . arising out of . . . any other intentional

3

tort."); *Rusk v. Black*, 392 S.W.3d 88, 99–100 (Tex. 2012) (assuming that "[a]ctions taken with intent to cause harm" was tort, then it was an "intentional tort," and immunity not waived); *cf. Texas Dep't of Criminal Justice v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (per curiam) (noting that, "even if claim is based on an intentional tort, a governmental entity may still be liable for negligence if that negligence is distinct from the intentional tort"). Thus, we conclude that Oxford's "pleadings affirmatively negate the existence of jurisdiction" and, therefore, that the trial court did not err in granting the City's plea. *Miranda*, 133 S.W.3d at 227. We need go no further in our analysis. *See* Tex. R. App. P. 47.1 (requiring court of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

## CONCLUSION

For these reasons, we overrule Oxford's issues and affirm the trial court's order granting the City's plea to the jurisdiction.[2]

---

[2] To the extent Oxford raises new issues in his reply brief, we do not address those issues. *See* Tex. R. App. P. 38.1, 38.3; *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.) ("a party may not present arguments for the first time in its reply brief"); *Yazdchi v. Bank One*, 177 S.W.3d 399, 404 n.18 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (declining to consider arguments made for first time in reply brief). Further, the record does not include a motion for summary judgment by Oxford or support that Oxford raised complaints with the trial court that it had failed to review the facts of the case, that it had prejudiced the case by allowing an one-sided hearing on the defendants' side, or that it had violated his constitutional rights. *See* Tex. R. App. P. 33.1 (preservation of complaint for appellate review); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (pro se litigants "must comply with applicable laws and rules of procedure").

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   February 25, 2014