# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
FILED
January 4, 2024

Lyle W. Cayce
Clerk

———————

No. 23-50476

———————

APRIL JOHNSON, *an individual* and *as next friend of* A.N.E.R., *a minor*; A. N.E. R., *a minor child*, *an individual*,

*Plaintiffs—Appellants*,

*versus*

THE CITY OF SAN ANTONIO; JESSICA OSORIA, *Officer, Badge #1422, individually and in her official capacity*; GARY TULI, *Officer, Badge #517, individually and in his official capacity*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-733

———————————————————————

Before DENNIS, ELROD, and WILSON *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant A'Mynae Roberts was arrested for the alleged assault of a police officer during a violent altercation at a Quinceañera in San

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50476

Antonio, Texas, on May 20, 2017.[1] She sued several police officers and the City of San Antonio ("the City") for falsely arresting her and using excessive force to make the arrest. Specifically, Roberts alleged that the City violated 42 U.S.C. § 1983 by negligently hiring, retaining, supervising, and training its officers. Roberts also brought various state law and § 1983 claims against three individual officers: Officers Tuli, Osoria, and Groce.[2]

All parties moved for summary judgment. The district court denied Roberts's motion for summary judgment, granted the City's cross-motion for summary judgment, and granted in part and denied in part Officer Tuli's and Officers Groce and Osoria's cross-motions for summary judgment. The district court then dismissed the state-law claims against all parties as well as the § 1983 claims against Officer Groce and the City. Both Roberts and the individual officers appealed. On appeal, we held that we lacked jurisdiction to consider Roberts's appeal of the district court's grant of summary judgment in favor of the City. Additionally, we reversed the district court's denial of qualified immunity for the individual officers based on video and audio footage, explicitly finding that the officers did not violate Roberts's constitutional rights. On remand, judgment of dismissal was entered on May

---

[1] In a previous appeal Roberts's attorney confirmed that Roberts is the only plaintiff in the action. *Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *1 n.2 (5th Cir. Apr. 20, 2023). The facts are thoroughly recounted in our previous opinion.

[2] Roberts brought claims for excessive force, assault and battery, and unlawful arrest and false imprisonment, all under § 1983; and state-law claims of intentional infliction of emotional distress and defamation against Officer Tuli. Roberts brought claims for unlawful arrest and false imprisonment under § 1983 and state-law claims of intentional infliction of emotional distress and defamation against Officers Groce and Osoria. Roberts brought claims for unlawful arrest and false imprisonment, intentional infliction of emotional distress, as well as negligent hiring, supervision, training, and retention against the City.

24, 2023. Roberts now appeals only the dismissal of her claims against the City. For the following reasons, we AFFIRM.

Roberts first argues that the district court erred in dismissing her § 1983 claims against the City, as there are genuine disputes of material fact. Roberts's arguments lack merit. A municipality's liability under § 1983 is analyzed under the framework articulated in *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978). The *Monell* framework requires the plaintiff to "show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right" to succeed on a § 1983 claim against a municipality. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "As is well established, every *Monell* claim requires 'an underlying constitutional violation.'" *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citing *Kitchen v. Dall. Cty.*, 759 F.3d 468, 476 (5th Cir. 2014) (abrogated on other grounds)). A previous panel of our Court reviewed the record and determined that Roberts suffered no constitutional harm. *Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686 (5th Cir. Apr. 20, 2023). This is dispositive. "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Our previous ruling forecloses Roberts's § 1983 claim against the City.

Additionally, Roberts argues that the district court erred in dismissing her state law claims against the City. Roberts's state law claims against the City include negligent hiring, supervision, training, and retention, as well as intentional infliction of emotional distress. The City argues that the state law claims are barred by governmental immunity. The district court found that "[the City] is entitled to judgment as a matter of law as to all state law claims

for intentional torts" because the Texas Tort Claims Act "provides that immunity is not waived for claims of assault and battery, and intentional infliction of emotional distress is an intentional tort . . ." *Johnson v. City of San Antonio*, No. 5:19-CV-733, 2022 WL 20209377, at *16 (W.D. Tex. Apr. 20, 2023) (citations omitted). As the district court found, the Texas Civil Practice & Remedies Code explicitly provides in § 101.021(2) that local governments do not waive their immunity for conduct "arising out of . . . any . . . intentional tort." Because intentional infliction of emotional distress is an intentional tort, we hold that the district court did not err in dismissing this claim.

Further, the district court correctly found that the claim against the City for negligent hiring, supervision, training, and retention was also barred by the Texas Tort Claims Act. *Id.* at *16. The Texas Supreme Court has held that "a cause of action for negligent supervision or training must satisfy the TTCA's use of tangible property requirement." *Tex. Dep't of Crim. Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012). Here, Roberts fails to allege that any physical property was used in causing her injuries. Therefore, the district court did not err when it dismissed her state law claim against the City. For the foregoing reasons, we AFFIRM the district court's judgment.