**CITY OF DALLAS, Appellant,**

v.

**Maurya Lynn PATRICK, Appellee.**

**No. 05–10–00727–CV.**

Court of Appeals of Texas, Dallas.

Aug. 15, 2011.

454

Patricia M. Medrano, City of Dallas Atty's Office, Dallas, for Appellant.

Kimberly A. Stovall, Gary Don Parish, Stovall & Associates, P.C., Christopher Lester Johnson, David Tijerina, Kirk L. Pittard, Sean R. Cox, Peter Michael Kelly, F. Leighton Durham, III, Kelly, Durham & Pittard, LLP, Dallas, for Appellee.

Before Justices O'NEILL, FITZGERALD, and LANG.

## OPINION

Opinion By Justice FITZGERALD.

The City of Dallas brings this interlocutory appeal from the trial court's denial of the City's plea to the jurisdiction. The City raises four issues in this Court, contending that all of appellee Maurya Patrick's claims fail for lack of subject matter jurisdiction. We agree with the City. Accordingly, we reverse the trial court's order, and we dismiss Patrick's action for lack of subject matter jurisdiction.

### BACKGROUND

On March 31, 2009, Patrick visited the Dallas Zoo, which was owned and operated by the City. Patrick was accompanied by her mother and two of her grandchildren. She testified she visited the Zoo that day to have some fun, to let the children learn about the animals, and to enjoy the outdoors. At about 1:00 p.m., the group had just seen the sea otters and were following the path to the next exhibit when Patrick tripped on a curb and fell. Patrick sued the City, alleging premises liability, general negligence, negligence per se, and—in the alternative—a claim under the Recreational Use Statute. Patrick pleaded the City had waived its immunity for her injuries at the Zoo within the Texas Tort Claims Act.

The City answered and filed a plea to the jurisdiction, asserting its sovereign immunity and Patrick's lack of standing to bring her claims. The City attached evidence to its plea, including: photographs of the curb on which Patrick tripped; excerpts and exhibits from Patrick's deposition; the affidavit of Little David Session, Jr., the Building Inspector for the City; and the Affidavit of Kerry Rhines, the Business Manager for the Zoo. Patrick filed a response to the plea, contending the City had waived its immunity in regard to her claims. She attached excerpts from the Zoo's website and excerpts from her own deposition as evidence in support of her response.

The trial court denied the City's plea. The City brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West 2008) (permitting appeal from interlocutory order denying plea to jurisdiction by governmental unit).

### PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea; its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). In this case, the plea is rooted in the City's claim of immunity. A municipality derives governmental immunity from the State's sovereign immunity when the municipality is performing governmental functions. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). The Legislature has determined that maintenance and operation of a zoo is among a municipality's governmental functions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(13) (West 2005). At the outset, then, municipalities are immune from suits complaining of injuries occurring at a zoo.

The Texas Tort Claims Act grants a limited waiver of governmental immunity in certain circumstances: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.022; *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex.2004). For example, in a claim based on a premises defect, the municipality owes to the claimant only the duty owed a licensee on private property, unless the claimant pays for the use of the

property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a).

■ The duty owed some claimants is restricted further by the Tort Claims Act's incorporation of the Recreational Use Statute. *See id.* § 101.058. That section provides:

> To the extent that Chapter 75 [i.e., the Recreational Use Statute] limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under this chapter, Chapter 75 controls.

*Id.* The Recreational Use Statute, in turn, provides:

> [I]f a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises.

*Id.* § 75.002(f) (West Supp. 2010). The statute lists a number of activities that qualify as "recreation," including nature study (which specifically includes bird-watching) and any other activity associated with enjoying nature or the outdoors. *Id.* § 75.001(3). And as to the duty owed, a landowner has no duty to warn or protect trespassers from obvious defects or conditions. *State v. Shumake*, 199 S.W.3d 279, 288 (Tex.2006). The only duty a premises owner owes a trespasser is not to injure him willfully, wantonly, or through gross negligence. *Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex.1997).[1] Thus, a municipality waives immunity under the Tort Claims Act and the Recreational Use Statute if the municipality's conduct is grossly negligent. *Miranda*, 133 S.W.3d at 225. Gross negligence requires that the land-

owner be actually, subjectively aware of—and consciously indifferent to—an extreme risk of harm. *Shumake*, 199 S.W.3d at 288.

■ The existence of subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. We review the trial court's ruling de novo. *Id.* at 228. When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* at 226. If the pleadings affirmatively negate jurisdiction, the plea should be granted. *Id.* at 227. When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Id.* We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in her favor. *Id.* at 228. If the evidence is undisputed or if it does not raise a fact question on the jurisdictional issue, then the plea can be resolved as a matter of law. *Id.* If the evidence raises a fact question on the jurisdictional issue, then the fact finder must resolve the issue at trial. *Id.*

## PATRICK'S CLAIMS

Patrick's live petition urges claims based on theories of premises liability (with an alternative pleading under the Recreational Use Statute), "general negligence," and negligence per se. None of these claims can survive the City's plea.

### *Premises Liability*

■ In its third issue, the City contends the trial court lacks subject matter jurisdiction over Patrick's premises liability claim because the City maintains its

---

1. Patrick does not contend the City injured her willfully or wantonly. Accordingly, in this opinion we address only the gross negligence standard.

immigrate under the Tort Claims Act and the Recreational Use Statute. We agree. We have identified the heightened standard a claimant must meet to establish liability for a municipality on a theory of premises liability. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(a). Although Patrick did not pay an entry fee herself, the evidence establishes that she obtained entry to the Zoo through her mother's membership. Thus a fee was paid, and— absent that payment—Patrick could not have entered. *See Sullivan v. City of Fort Worth*, No. 02–10–00223–CV, 2011 WL 1902018, at *8 n. 6 (Tex.App.-Fort Worth May 19, 2011) (regardless of who paid for use of garden for wedding, fee was paid for guests' entry and without fee no guests could enter). We conclude Patrick meets the requirement of having paid for the use of the premises. Thus, under the Tort Claims Act, the City would owe Patrick the duty it owed an invitee. Patrick argues she can meet this standard.

■ However, if Patrick came upon the City's property to engage in recreation, then the City owed her no more than the duty it would owe a trespasser. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(f). According to the statute, "recreation" means an activity such as nature study—including bird watching—and any other activity associated with enjoying nature or the outdoors. *Id.* § 75.001(3)(I, L). The City's evidence included Patrick's statements that she visited the Zoo to have some fun, to let the children learn about the animals, and to enjoy the outdoors. Patrick relies on portions of the Zoo's website that are devoted to the Zoo's educational goals, and she argues those goals take the Zoo out of the ambit of the Recreational Use Statute. We disagree. Recreation and education need not be mutually exclusive. Again, the statute includes in its definition of recreation the activity of

nature *study*. *See id.* Patrick's stated reasons for visiting the Zoo are evidence in themselves that a visit can simultaneously embrace nature study and enjoying nature and the outdoors. We conclude Patrick visited the Zoo the day of the incident for purposes of recreation.

■ Given that Patrick was engaging in recreation when she tripped, the City has only waived immunity for injuries caused by gross negligence. *Miranda*, 133 S.W.3d at 230. The City came forward with evidence and attempted to negate gross negligence on its part. Its photographs demonstrated that the curb was not in disrepair; viewed objectively, the curb did not involve an extreme risk of harm to Patrick. The design of the curb did not violate any standard governing the City. Both the photographs and Patrick's deposition testimony establish that no obstruction prevented her seeing the curb. And perhaps most importantly, the City had not received any report or complaint of a patron falling at the site of Patrick's fall. Indeed, the City offered Patrick's own testimony that she had no knowledge of any other fall at the site. We conclude the City did negate gross negligence on its part.

Patrick, on the other hand, did not come forward with any evidence to raise a fact issue on this issue of gross negligence. There was no evidence of actual awareness on the City's part of any extreme risk to Patrick or any visitor. In the absence of evidence raising a fact question on the issue of gross negligence, Patrick has fallen short of satisfying the requirements for the Legislature's limited grant of a waiver of immunity under the applicable statutes. *See id.* at 232. The trial court lacked subject matter jurisdiction over Patrick's premises liability claim. *See id.* We sustain the City's third issue.

### General Negligence

Patrick alleges a claim for liability of the City under a general negligence theory; the City challenges this claim in its second issue. Patrick makes the following allegations under this cause of action:

> Defendant owed Plaintiff and others similarly situated the duty to make proper inspections to The Dallas Zoo.
>
> Defendant breached said duty by failing to make proper inspections to The Dallas Zoo.
>
> Defendant breached said duty by failing to warn Plaintiff of the existence of a dangerous condition on the premises of The Dallas Zoo.
>
> Defendant breached said duty by failing to correct the dangerous cement ramp condition prior to Plaintiff's injury.
>
> Defendant breached said duty by failing to inspect the premises of The Dallas Zoo for dangerous conditions.

Here, the City challenges Patrick's pleading itself as inadequate to invoke the trial court's jurisdiction. In its plea, the City contends these allegations are—in essence—a claim for premises liability. We agree. The allegations amount to a contention that the City failed to discover a dangerous condition, to warn Patrick of a dangerous condition, and to correct a dangerous condition. This is the essence of premises liability. *See City of Bellmead v. Torres*, 89 S.W.3d 611, 614 (Tex.2002) (premises defect case is one in which dangerous condition causes resulting injury). The Texas Legislature has identified a specific and heightened standard for claims against a municipality for premises liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a).[2] A plaintiff cannot avoid that heightened standard by recast-

ing a premises liability claim as one for condition or use of property. *Miranda*, 133 S.W.3d at 233.

Patrick argues her general negligence claim is merely an example of pleading in the alternative, which our rules endorse. However, in this case she has pleaded a claim for which there is no waiver of immunity; the Legislature's waiver of immunity for a premises liability claim extends only as far as the Tort Claims Act provides. There is no cause of action under the Tort Claims Act for condition or use of property separate from Patrick's premises defect claim. *See id.* Because there is no viable claim for negligence under this theory, there is, likewise, no viable claim for gross negligence under this theory. *See Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 951 (Tex.App.-Austin 1990, writ denied) (gross negligence is not separate, independent cause of action). We sustain the City's second issue.

### Negligence Per Se

Patrick cites a number of standards within the allegations of her premises liability claim, which she claims were not met by the Zoo in the construction or maintenance of the curb over which she tripped. The final standard cited in her petition is section 4.7.4 of the Texas Accessibility Standards. According to Patrick, section 4.7.4 requires "[f]or purposes of a warning, *the full width and depth* of curb ramps shall have a light reflective value and texture that significantly contrasts with that of adjoining pedestrian routes." Patrick alleges that the City's "failure to comply with this TAS Section 4.7.4 of Texas law constitutes *negligence per se.*" The City challenges this claim in its fourth issue.

---

**2.** This standard, as we have seen, is even more restrictive when the claim falls within the ambit of the Recreational Use Statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(f).

■ The unexecuted violation of a statute setting an applicable standard of care constitutes negligence per se if the statute is designed to prevent an injury to the class of persons to which the injured party belongs. *Kelly v. Brown,* 260 S.W.3d 212, 218 (Tex.App.-Dallas 2008, pet. denied). The TAS section on which Patrick relies is a subsection of "Accessible Elements and Spaces: Scope and Technical Requirements." The standard was promulgated by the Texas Commission of Licensing and Regulation and published by the Texas Department of Licensing and Regulation pursuant to the Architectural Barriers Act. *See* TEX. GOV'T CODE ANN. § 469.052 (West 2004) (assigning obligations related to adoption of standards and specifications). The codified Architectural Barriers Act states:

> This chapter is intended to further the policy of this state to encourage and promote the rehabilitation of persons with disabilities and to eliminate, to the extent possible, unnecessary barriers encountered by persons with disabilities whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly restricted.

TEX. GOV'T CODE ANN. § 469.001(c). This statute and standards promulgated under it are clearly intended to prevent injury to and discrimination against disabled persons. The City's evidence contains Patrick's own admission that she is not disabled in any way. Accordingly, she is not a member of the class this standard was intended to protect, and she has no standing to complain of its purported violation. We sustain the City's fourth issue.

We have sustained each of the City's issues challenging the trial court's subject matter jurisdiction as to Patrick's specific claims. We therefore sustain its general first issue and conclude the trial court erred by denying the City's plea to the jurisdiction.

## CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction, and we dismiss Patrick's action for lack of subject matter jurisdiction.