**AFFIRM; and Opinion Filed June 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01144-CV

**DALLAS METROCARE SERVICES, Appellant**

**V.**

**ADOLFO JUAREZ, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-01999**

## MEMORANDUM OPINION ON REMAND

Before Justices O'Neill, Francis, and Brown[1]
Opinion by Justice O'Neill

In this interlocutory appeal, Dallas Metrocare Services (Metrocare) appeals the denial of

its plea to the jurisdiction. On original submission, we affirmed concluding Juarez had alleged a

negligence claim involving the condition or use of tangible personal property. *See Dallas*

*Metrocare Servs. v. Juarez*, 420 S.W.3d 78, 81 (Tex. App.—Dallas 2012), *rev'd*, 420 S.W.3d 39

(Tex. 2013). In doing so, we refused to consider Metrocare's jurisdictional arguments that were

not raised in its plea to the jurisdiction.

The Supreme Court reversed our opinion concluding we had erred to the extent our

opinion was based on Metrocare's "use" of tangible personal property. *See Dallas Metrocare*

*Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013). Additionally, the Supreme Court concluded we

---

[1] The Honorable Justice Ada Brown succeeded the Honorable Mary Murphy, a member of the original panel, upon Justice Murphy's retirement. Justice Brown has reviewed the briefs and record before the Court.

had erred in refusing to consider jurisdictional arguments Metrocare raised for the first time on appeal. *See Rusk State Hospital v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). The Court remanded for us to consider those arguments. *Id.* Having done so, we conclude Metrocare has failed to show the trial court lacked subject jurisdiction over Juarez's claims.

The Tort Claims Act provides a limited waiver of immunity for injuries caused by "a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (West 2011). This provision allows suits against government units for injuries caused by a "condition or use of tangible personal property" and "premises defects." *City of N. Richland Hills v. Friend*, 370 S.W.3d 369, 371 (Tex. 2012).

We review de novo a challenge to the trial court's subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Perez v. City of Dallas*, 180 S.W.3d 906, 909 (Tex. App.—Dallas 2005, no pet.). If the allegations in the Plaintiffs' pleadings do not demonstrate the court's jurisdiction, but do not affirmatively negate it, the situation is a matter of pleading sufficiency, and the plaintiff should generally be given an opportunity to amend the pleadings. *Tex. Dep't of Crim. Justice-Cmty Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012). However, if a governmental entity has asserted in the trial court that it is immune and a plaintiff fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to conduct discovery directed to the issue and amend the pleadings, then the case should be dismissed. *Id.* We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent. *Miranda*, 133 S.W.3d at 226.

In reviewing Metrocare's arguments in this interlocutory appeal, we note we are limited to determining issues that show the trial court lacked jurisdiction over Juarez's claims and we are

prohibited from rendering an advisory opinion. *See Rusk*, 392 S.W.3d at 95. We may only dismiss for jurisdictional issues raised for the first time on appeal, if either (1) the pleadings and record conclusively negate jurisdiction, (2) Juarez had a "full and fair" opportunity to develop the record and amend his pleadings or (3) the record shows Juarez would be unable to amend his pleadings on remand. *Id.* at 96.

Metrocare first asserts Juarez has not, and cannot, plead a negligence claim for which immunity is waived because his complaint concerns only a condition of "real property" and he has not met the elevated standards applicable to premises defect cases. Specifically, Metrocare asserts Juarez has alleged only a defective condition of the conference room, not the whiteboard. We disagree. Juarez alleged the whiteboard was in an unsafe condition. The whiteboard was not affixed to the land and was thus not part of the "real property." Therefore, the premises defect line of cases Metrocare relies on is inapplicable. *Harris County-Houston Sports Auth. v. Chilel*, 14-12-00380-CV, 2013 WL 1789444 *2 (Tex. App.—Houston [14th Dist.] Apr. 25, 2013, no pet.); *see City of Houston v. Harris*, 14-03-00264-CV, 2004 WL 349924, * 5 (Tex. App.—Houston [14th Dist.] Feb. 26, 2004, no pet.) (concluding City failed to show plaintiff's claim was for a premises defect because City failed to show the property that caused the injury, a statute, was affixed to the land);[2] *see also Miranda*, 133 S.W.3d at 229-30 (plaintiffs' allegations concerned only government agency's failure to reduce the risk of falling tree limbs and to warn plaintiffs of the risk of falling tree limbs, which were part of real property).

We further conclude Juarez's petition was sufficient to allege a negligence claim for injuries caused by the condition of the whiteboard. Juarez alleged the whiteboard was in an unsafe condition because it was not properly secured, and that Metrocare was negligent in

---

[2] After remand, the City presented evidence that the statute was affixed to the land and in a subsequent appeal, based on that evidence, the Houston Fourteenth Court of Appeals concluded the plaintiff alleged a claim for premises defect subject to the heightened standards applicable to those claims. *See City of Houston v. Harris*¸ 192 S.W.3d 167, 173-175 (Tex. App.—Houston [14th Dist.[ 2006, no pet.).

creating and failing to remedy the unsafe condition.[3]   The Supreme Court has defined "condition" as "either an intentional or inadvertent state of being." *See Sparkman v. Maxwell*, 519 S.W.2d 852, 857 (Tex. 1975).  To state a claim under the Act based on the condition of property, there must be some allegation of "defective or inadequate property." *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983); *see also Dep't of Transp. v. Garza*, 70 S.W.3d 802, 808 (Tex. 2002) (for a "condition" of a traffic sign to state a claim under the Act, there must be something "wrong" with the sign).  Further, the complained-of condition must proximately cause the alleged injury.  *Rusk*, 392 S.W.3d at 997.  A condition of property does not proximately cause an injury if it does no more than furnish the means to make the injury possible.  *Id.* at 97-98.  The condition must "pose a hazard in the intended and ordinary 'use' of the property."  *Rusk*, 392 S.W.3d at 98 (claim that mental patient used plastic bag to commit suicide did not state a claim based on the condition of the bag because plastic bag did not pose hazard in its intended and ordinary use).  And there must be a causal nexus between the complained-of condition and the injury.  *See Dallas County v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009) (claim that inmate used cord to commit suicide did not state a claim based on the condition of the cord, even if the cord was defective, because the injury was not caused by the alleged defective condition).

Here, Juarez alleged the unsecured state of the whiteboard constituted a dangerous condition of the whiteboard.[4]  This condition posed a risk because the heavy whiteboard could

---

[3] For decades, the courts have requested further guidance from the Legislature as to the meaning of the "condition or use" of tangible personal property language in the Act.  *See, e.g., Tex. Dep't. of Crim. Justice v. Miller*, 51 S.W.3d 583, 590-91 (Tex. 2001) (J. Hecht, concurring) (noting court has repeatedly "beseeched" the Legislature for guidance in applying the Act); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 301 (Tex. 1976) (J. Greenhill, concurring) (encouraging Legislature to more clearly express its intent as to when governmental immunity waived).  The Legislature's failure to do so has resulted in what the Supreme Court has described as a "long and arduous history" of construing the statute. *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994).  While this history has resulted in numerous Supreme Court cases dealing with the "use" prong of the Act, there are relatively few dealing specifically with the "condition" prong.

[4] We recognize there was no allegation that the whiteboard was dilapidated, damaged, or improperly constructed.  However, such an allegation or showing is not necessarily required under the Act.  *Cf. Sparkman,* 519 S.W.2d at 857 (stop light that displayed a red left-turn arrow that confused some motorists was a "condition" of the light for which municipality could be liable under the Act).

fall. The whiteboard did fall, striking Juarez in the head, causing his alleged injuries. In *Torres v. City of Waco*, the plaintiff's daughter was injured when a volleyball judge's stand fell on her. *See Torres v City of Waco*, 51 S.W.3d 814, 818 (Tex. App.—Waco 2001, no pet.), *disapproved on other grounds by Binur v. Jacobo*, 135 S.W.3d 646 (Tex. 2004). The plaintiff alleged the City's failure to "adequately secure the judge's stand" proximately caused the child's injuries. The Waco Court first concluded the plaintiff's allegations did not state a claim based on the City's "use" of the judge's stand. *Id.* at 819. However, the court concluded the plaintiff did allege an actionable claim for injuries caused by the defective condition of judges' stand. *Id.* at 820. We similarly conclude Juarez's pleadings were sufficient to allege an injury proximately caused by the defective condition of the whiteboard.

In reaching this conclusion, we reject Metrocare's reliance on cases dealing with the negligent "provision" of tangible property lacking an intergral safety component, and specifically its contention that Juarez failed to state a claim because Metrocare did not provide Juarez with the whiteboard.[5] The Supreme Court has held that a plaintiff can state a claim under the Act if the plaintiff alleges the government provided the plaintiff tangible property lacking an integral safety component. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976) (allegations of a negligent failure to furnish plaintiff proper protective items of personal property, to be used as a part of the uniform furnished him states a claim arising from "some condition or some use" of personal property); *Robinson v. Central Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989) (plaintiff stated a claim for negligence associated with drowning death when government entity was responsible for providing decedent with swimming attire, and entity did not provide

---

[5] We note that although Juarez did not specifically state the whiteboard "lacked an intergral safety component," he alleged the whiteboard was defective because it was not secured to the wall. A plaintiff is required to plead facts invoking a waiver of immunity, not to use particular magic words. *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 223 n.3 (Tex. App.—Fort Worth, pet. denied). Liberally construing Juarez's petition, we conclude he alleged the whiteboard was dangerous because it lacked something to secure it to the wall that was necessary for it to be safe.

decedent with a life preserver, a "part of [decedent's] swimming attire."); *Overton Mem'l Hosp. v. McGuirre*, 518 S.W.2d 528, 529 (Tex. 1975) (injuries caused by negligently providing a hospital bed without bed rails are proximately caused from condition or use of tangible property.)

Although not entirely clear, it appears the Supreme Court was defining the parameters of the waiver of immunity under the "use" prong of the Act when the plaintiff was relying on the government's act of furnishing property to the plaintiff to establish both the government's negligence and the government's use of property. *See Friend*, 370 S.W.3d at 371 (plaintiff can bring a claim if the plaintiff alleges government unit "used" property that lacked an intergral safety component); *Robinson*, 780 S.W.2d at 172 (plaintiff's sole contention is that the failure to provide a life jacket is a "use of tangible personal property") (J. Hecht, dissenting); *see also San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246-47 (stating the hospital in *Overton* was alleged to have "used" the bed.). In concluding a claim exists in such cases, the Supreme Court has stated "[t]hese cases represent perhaps the outer bounds of what we have defined as *use* of tangible personal property." *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996) (emphasis added). Here, Juarez did not allege Metrocare was negligent in providing him with property but that it was negligent in creating or maintaining the dangerous condition of the property. We conclude the negligent provision line of cases relied on are not controlling.

Finally, even if we agreed with Metrocare that Juarez has alleged only a premises defect case and we must analyze it as such, we cannot agree Metrocare has shown it is entitled to dismissal of Juarez's claims. According to Metrocare, Juarez cannot meet the heightened standards applicable to premises defect claims because he has not pleaded and cannot prove Metrocare had actual knowledge of any dangerous condition. *See Miranda,* 133 S.W.3d at 229-

30 (plaintiff cannot recast complaints about falling tree limbs, which fall under definition of real property, as a complaint relating to the negligent condition of tangible property).

Section 101.022 of the Act provides that if a claim arises from a "premise defect," "the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, *unless* the claimant pays for the use of the premises." TEX. CIV. PRAC. REM. CODE § 101.022(a) (West 2011) (emphasis added). But if the claimant pays for use of the premises, the government unit's duty is elevated to that owed to an invitee. *See id.*; S*tate Dep't of Highways & Pub., Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *City of Dallas v. Davenport*, 418 S.W.3d 844, 847 (Tex. App.—Dallas 2013, no pet.). If a plaintiff brining a premises defect claim is an invitee, he must prove only that the government entity knew or should have known about the condition. *Payne*, 838 S.W.2d at 237; *Davenport*, 418 S.W.3d at 847.

According to Metrocare, Juarez is a licensee because he did not pay for use of the premises. It directs us to no evidence and cites no authority to support its contention. Further, although Juarez did not plead he paid for use of the premises, neither the pleadings nor the proof negate such payment. Further, Metrocare did show it is a "community center" under Section 534.001(e) of the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 534.001 (West 2010). Section 534.017(a) of the Code requires a community center to charge a reasonable fee for the services it provides, unless prohibited by law. TEX. HEALTH & SAFETY CODE ANN. § 534.017(a) (West 2010).

The payment of a fee related to the premises does not establish the plaintiff has paid for use of the premises. *Davenport*, 418 S.W.3d at 848. Only a fee charged for entry onto a particular premises is sufficient to confer invitee status. *Id.* However, it is not necessary that any payment be solely for entrance. Rather, the courts have focused on whether the plaintiff

would have been granted access to the premises absent payment. *See City of Dallas v. Patrick*, 347 S.W.3d 452, 457 (Tex. App.—Dallas 2011, no pet.) (plaintiff, who entered zoo as guest of a member, paid for use of premises because she was only permitted to enter because a fee was paid); *Dallas-Fort Worth Int'l Airport Pub. Facility Improvement Corp. v. Banks*, No. 02-09-00176-CV, 2010 WL 87865 *3-4 (Tex. App.—Fort Worth Jan 7, 2010, pet. denied) (fact issue existed on whether plaintiff, who was injured in airport terminal, paid for use of the premises when she paid for plane ticket and she could not have entered the terminal without the plane ticket); s*ee also M.D. Anderson Hosp. and Tumor Institute v. Felter*, 837 S.W.2d 245, 248 (Tex. App.—Houston [1st Dist.] 1992, no writ) (evidence sufficient to show plaintiff paid for use of the premises when her husband was patient at hospital and she paid for her husband's hospital stay). The Waco of Appeals had held that payment by the plaintiff's employer for a training class was sufficient to show the plaintiff paid for use of the training facilities. *Tex. Eng'g Extension Serv. v. Gifford*, 10-11-00242-CV, 2012 WL 851742 (Tex. App.—Waco Mar. 14, 2012, no pet.). Here, Juarez was injured in a conference room during a group therapy session, not in an area of Metrocare's premises that would have been open to the public. We conclude Metrocare has not shown Juarez did not pay for use of the premises or that Juarez cannot amend his pleading to allege invitee status or prove he was an invitee.[6] Therefore, evidence that Metrocare did not have actual knowledge of the dangerous condition does not show the trial court lacked subject-matter jurisdiction over Juarez's premises liability claim.

Finally, Metrocare asserts in a footnote that the evidence negates a premises liability claim because the evidence showed that Juarez had knowledge of the "condition" of the

---

[6] We also note that in *Billstrom v. Memorial Medical Center,* the Corpus Christi Court indicated that even if a patient does not actually pay for a hospital bill, the legislature did not intend the patient's physical act of payment be determinative in deciding whether he is an invitee under the Act. *See Billstrom v. Mem'l Med. Ctr.,* 598 S.W.2d 642, 648 (Tex. App.—Corpus Christi 1980, no writ) (refusing to affirm a summary judgment based on the hospital's contention that the plaintiff did not pay for use of hospital because there might be a fact issue that hospital intended to treat plaintiff as a paying patient or the patient was indigent and unable to pay).

whiteboard. According to Metrocare, Juarez admitted in his affidavit that he noticed the "unattached" whiteboard about a year before it fell on him. However, Juarez merely stated he had knowledge of the whiteboard, not that it was unattached. It was the unattached condition of the whiteboard that Juarez alleged rendered it dangerous. There is no evidence Juarez was aware of this condition. However, Juarez's petition did fail to allege he was not aware of the alleged dangerous condition. Thus, his petition was defective. But because the defect is not incurable, he must be given an opportunity to amend his pleadings. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007).

We resolve Metrocare's issues against it and remand to the trial court for further proceedings consistent with this opinion.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

111144F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS METROCARE SERVICES,
Appellant

No. 05-11-01144-CV　　　V.

ADOLFO JUAREZ, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-01999.
Opinion delivered by Justice O'Neill.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order is
**AFFIRMED**.

It is **ORDERED** that appellee ADOLFO JUAREZ recover his costs of this appeal from
appellant DALLAS METROCARE SERVICES.

Judgment entered this 30th day of June, 2014.