**Opinion issued July 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00778-CV

———————————

**HARRIS COUNTY, Appellant**

**V.**

**AARON RUTH PARK, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-48949**

---

## MEMORANDUM OPINION

Appellee Aaron Ruth Park was injured when she fell down the stairs at the Juergen's Hall Community Center, owned by Harris County. Park sued Harris County (the County) for various claims sounding in negligence and premises liability. The County filed a combined plea to the jurisdiction and motion for

summary judgment, asserting that her various negligence claims were subsumed within her premises liability claim and that her premises liability claim failed as a matter of law because she had actual knowledge of the alleged premises defect. The trial court granted the motion in part, dismissing all of her claims with prejudice except for the premises liability claim. In its sole issue in this interlocutory appeal, the County contends that the trial court erred in denying its plea to the jurisdiction on the premises liability claim. The County argues that it showed that Park had actual knowledge of the condition of the steps she slipped down and, thus, it was entitled to dismissal of Park's premises liability claim.

We reverse the portion of the order denying the County's plea to the jurisdiction on Park's premises liability claim and render judgment dismissing that claim.

## Background

Park attended an event hosted by her church at the Juergen's Hall Community Center. As she exited the Center, she fell down the steps located at the front of the building and was severely injured. Park sued Harris County under the Texas Tort Claims Act (TTCA), alleging causes of action for general negligence, gross negligence, premises liability, special defect, attractive nuisance, and misuse of tangible personal property. Park alleged that she was exiting Juergen's Hall "when she suddenly and unexpectedly tripped and fell down the stairs." She further

alleged that the County "was aware of the extremely dangerous condition and failed to warn of said condition," but her pleadings did not specify what factors made the stairs dangerous or defective.[1]

The County filed a plea to the jurisdiction and motion for summary judgment asserting that Park's negligence claims were subsumed by her premises liability claim. The County further asserted that Park's premises liability claim failed as a matter of law. It argued that Park could not show that she lacked knowledge of the dangerous condition of the stairs, as required by the TTCA. The County pointed to Park's deposition testimony, in which she stated that she had been to Juergen's Hall on previous occasions. She had "never liked the steps" and had "always been careful" there. She stated that she had "never felt secure." She further stated that she heard comments from others prior to her fall about the condition of the stairs: "They didn't feel comfortable going up the steps. They felt more comfortable coming down the steps [than] going up the steps, but it's because they tilted and they were different widths it seemed to be. I don't know that they were, but they seemed to be." Park went on to describe her fall, testifying in her deposition that she was injured as she exited the community center. She reached the second step and "it was like the steps tilted. They were short, they

---

[1]	In her brief, Park argues that the stairs were out of compliance with applicable building codes, had dangerously small landings, and provided no access to the guardrail for people walking down them. The record, however, does not contain any similar allegations or evidence.

tilted, and the step was not the same as the other step." She lost her balance and fell. She "reach[ed] out to grab something to stop [herself from falling]," but she fell on the wooden decking and was severely injured. The County contends that this testimony established that she was aware of the condition of the stairs.

Park opposed the motion for summary judgment and plea to the jurisdiction. She asserted that, because the church paid a "refundable clean-up damage deposit" of $100, she was not a licensee but was instead an invitee. As such, she was not required to prove that she lacked actual knowledge of the condition of the stairs. The County, however, noted that the church's check that was sent to the County as a deposit was returned to the church following the event.

Park also filed a declaration clarifying her testimony, stating, "While I may not have felt secure on those stairs, it does not mean that I felt the stairs were dangerous or unreasonably dangerous. . . . I was not aware of the unreasonably dangerous condition of the stairwell at Juergen's Hall before the incident where I fell going down them."[2]

The trial court granted the County's motion in part, ordering that Park's claims against the County for negligence, gross negligence, misuse of tangible

---

[2]   The County objected to this declaration as a "sham affidavit" that "is being used solely to manufacture a material issue of fact that conflicts with Park's previous sworn testimony obtained through deposition." The trial court never ruled on this objection.

4

personal property, attractive nuisance, and special defect be dismissed with prejudice. It denied the County's plea to the jurisdiction and motion for summary judgment on the premises liability claim. The County appealed that order.[3]

**Premises Liability Under the TTCA**

In its sole issue, the County argues that the trial court erred in denying its plea to the jurisdiction on Park's premises liability claim.

**A.     Standard of Review**

"Governmental immunity generally protects municipalities and other state subdivisions from suit unless the immunity has been waived by the constitution or state law." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014)). The TTCA waives immunity for certain negligence claims against governmental parties. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. "A party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *McKenzie*, 578 S.W.3d at 512.

Parties may raise a claim of immunity in a plea to the jurisdiction. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). In addition to challenging the plaintiff's pleadings, a plea to the jurisdiction may challenge the existence of jurisdictional facts or implicate the merits of the

---

[3]     *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8), (f).

plaintiff's cause of action. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (holding that plea to jurisdiction may challenge plaintiff's pleadings by asserting that alleged facts do not affirmatively demonstrate court's jurisdiction).

We review a ruling on a plea to the jurisdiction de novo. *See McKenzie*, 578 S.W.3d at 512; *Miranda*, 133 S.W.3d at 226. When a plea to the jurisdiction challenges jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Tex. Dep't of Pub. Safety v. Gaible*, No. 01-22-00405-CV, 2023 WL 2799069, at *2 (Tex. App.—Houston [1st Dist.] Apr. 6, 2023, no pet.) (mem. op.) (quoting *Garcia*, 372 S.W.3d at 635). "We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (citing *Miranda*, 133 S.W.3d at 228). If the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* (citing *Garcia*, 372 S.W.3d at 635). But if the evidence raises a fact issue about jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Id.* (citing *Miranda*, 133 S.W.3d at 228). Thus, to avoid dismissal, a plaintiff must establish the existence of a genuine question of material fact on the jurisdictional issue. *Id.* (citing *Clark*, 544 S.W.3d at 771).

**B.     Park's Status**

Relevant here, the TTCA waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2); *see State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006) ("The Texas Tort Claims Act includes, among other things, a limited waiver of the state's immunity from suits alleging personal injury or death caused by premises defects."). Because premises liability claims have heightened standards, such claims must be analyzed under the more specific provisions in section 101.022 of the TTCA. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 386 (Tex. 2016). Under section 101.022, when a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM. CODE § 101.022(a); *see Shumake*, 199 S.W.3d at 283.

The County argues that it owed Park the duty owed to a licensee. *See* TEX. CIV. PRAC. & REM. CODE § 101.022 (providing that "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for use of the premises"). Park asserts that she was an invitee, not a licensee, because the church hosting the event that she

7

attended paid to use the community center. *See id.* The record demonstrates that the event's organizer gave the County a check to hold as a deposit and that check was returned to the church after the event.

The Court recently considered a similar issue and observed that "Texas courts interpreting section 101.022(a) have determined that to constitute paying a fee for the use of the premises, the fee must be paid specifically for entry onto and use of the public premises." *Gaible*, 2023 WL 2799069, at \*4 (citing *City of Houston v. Crawford*, No. 01-18-00179-CV, 2018 WL 4868306, at \*3 (Tex. App.—Houston [1st Dist.] Oct. 9, 2018, no pet.) (mem. op.); *City of Dall. v. Davenport*, 418 S.W.3d 844, 847–48 (Tex. App.—Dallas 2013, no pet.)). Courts have found invitee status when a plaintiff has paid a rental fee to use a city park or when the plaintiff gained access to government-owned facilities through a paid membership or tuition. *See, e.g.*, *Sullivan v. City of Fort Worth*, No. 02-10-00223-CV, 2011 WL 1902018, at \*8 (Tex. App.—Fort Worth May 19, 2011, pet. denied) (mem. op.) (holding that plaintiff was invitee because payment of rental fee to hold wedding reception in city park after closing hours was payment for use of premises); *City of Dall. v. Patrick*, 347 S.W.3d 452, 457 (Tex. App.—Dallas 2011, no pet.) (holding that plaintiff was invitee because she obtained entry to city zoo through her mother's paid membership); *Ogueri v. Tex. S. Univ.*, No. 01-10-00228-CV, 2011 WL 1233568, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no

pet.) (mem. op.) (holding that slip-and-fall plaintiff was invitee because payment of tuition was payment for use of state-owned law school premises). However, "payment that merely relates to the premises [does] not constitute payment 'for the use of the premises' under the TTCA." *Gaible*, 2023 WL 2799069, at \*5 (quoting *Crawford*, 2018 WL 4868306, at \*3); *see Davenport*, 418 S.W.3d at 847–48 (holding that plaintiff who slipped and fell at airport was licensee because purchase of airport ticket did not constitute payment for use of premises); *Simpson v. Harris Cnty.*, 951 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Garcia v. State*, 817 S.W.2d 741, 743 (Tex. App.—San Antonio 1991, writ denied) (holding that payment of driver's license fees and fuel taxes did not confer invitee status on plaintiff who sued for damages sustained in highway accident).

In this case, Park argues that she had invitee status because the church group holding the event provided a check for $100 as a refundable deposit for potential damage to the community center. This check was returned to the event organizer. No fees were retained by the community center or the County. Thus, there is no evidence that either the church or Park herself paid a fee to use the premises. We conclude that the church group's refunded security deposit does not constitute a "claimant pay[ing] for use of the premises." *See* TEX. CIV. PRAC. & REM. CODE § 101.022(a).

## C. Park's Jurisdictional Evidence

In its plea to the jurisdiction, the County argues that Park's premises liability claim fails as a matter of law, and, thus, she has failed to plead facts sufficient to waive immunity under the TTCA. The County argues that Park did not show that there is a question of fact about her knowledge of the condition of the steps. The County urges us to reverse the trial court's order denying the County's combined plea to the jurisdiction and motion for summary judgment as to the premises liability claim.

The duty a landowner owes to a licensee on private property requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Sampson*, 500 S.W.3d at 391 (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). The licensee-plaintiff must show that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee. *Id.*; *Gaible*, 2023 WL 2799069, at *4. If the County

can show there was no evidence of one of these elements, then its plea to the jurisdiction should be granted. *See Sampson*, 500 S.W.3d at 391.

The County asserts that Park cannot prove one of the elements of her claim because the evidence showed that she was aware of the condition of the steps before she fell. Her pleadings do not identify any particular factors that made the steps hazardous. The County points to the lack of evidence that it had actual knowledge of any condition of the steps that Park herself did not also have. Park testified in her deposition that she had visited Juergen's Hall on more than one occasion. When asked if she had trouble with the steps on the way into the building, she stated, "I've never liked the steps. . . . I was very careful. I've always been careful there." She reiterated later in her deposition that she had "never felt secure [at] that entrance" because "the [steps were] tilted and they were different widths, it seemed to be." Thus, the evidence demonstrated that Park was aware of the general condition of the stairs, and she had failed to put forward any pleadings or evidence identifying problems with the stairs that the County knew about but she did not.

Park nevertheless argues that, even if she is a licensee rather than an invitee, there is a genuine issue of material fact as to whether she knew of the condition of the stairs. She argues that her deposition testimony cannot be construed as a matter of law as indicating that she was aware of the condition of the steps prior to her

11

fall. However, in her deposition testimony, she testified that she had used the stairs on previous occasions, never felt secure on those stairs, and knew that she had to be careful. She testified that, prior to her fall, she had heard others complain about the stairs "because they tilted and they were different widths it seemed to be." Those are the same problems that she identified in connection with her own fall, when she testified that she fell because "it was like the steps tilted. They were short, they tilted, and the step was not the same as the other step."

Park has not identified in her pleadings or in her summary judgment evidence any particular condition of the steps that was not known to her based on her previous use and knowledge about the stairs. Her later declaration stating in a conclusory manner that she was not aware of the condition of the stairs does not change this analysis. *See, e.g.*, *Padilla v. Metro. Transit Auth. Or Harris Cnty.*, 497 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that affidavits that state conclusions without providing underlying facts to support those conclusions are not proper summary judgment evidence); *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.) (holding that conclusory statements in affidavits are not competent summary judgment evidence because they are not susceptible to being readily controverted).[4]

---

[4] The County failed to obtain a ruling on its objection that Park's declaration should be struck as a sham affidavit. *See Bates v. Pecos Cnty.*, 546 S.W.3d 277, 285 (Tex. App.—El Paso 2017, no pet.) (noting that objection based on sham affidavit rule is

We conclude that Park failed to demonstrate that a question of fact existed as to whether she had actual knowledge of the stairs' dangerous condition. Accordingly, the County's governmental immunity has not been waived in this case, and we hold that the trial court erred by denying the County's plea to the jurisdiction on Park's premises liability claim.

## Conclusion

We reverse the portion of the trial court's order denying the County's plea to the jurisdiction on Park's premises liability claim. We render judgment dismissing her claim.

Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

---

attack on form of affidavit, rather than its substance, such that it must be first addressed by trial court); *see also Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 85–90 (Tex. 2018) (recognizing sham affidavit rule and stating that Rule 166a requires trial court to find *genuine* issue of material fact). Even considering the substance of her declaration, however, Park's conclusory statement that she was not aware of the unreasonably dangerous condition of the stairs fails to raise a genuine question of material fact on this issue. *See Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 491 (Tex. App.—Fort Worth 2022, no pet.) ("[C]onclusory evidence is considered substantively defective, and a party need not object to substantively-defective evidence to complain about it on appeal.").