

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00147-CV

**CITY OF LAREDO, TEXAS**,
Appellant

v.

Julian Jacobo **REYNA**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2014-CVQ-000557-D3
Honorable Beckie Palomo, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 22, 2015

REVERSED AND RENDERED

The City of Laredo appeals the trial court's order denying its plea to the jurisdiction. The

City argues the trial court erred by concluding it had jurisdiction over Julian Reyna's intentional-

tort and negligence claims against the City. We reverse the trial court's order and render judgment

dismissing Reyna's claims against the City with prejudice.

### BACKGROUND

Reyna filed suit against the City of Laredo, Texas, the Laredo Police Department, and

Police Officer Francisco Rodriguez in district court. In his original petition, Reyna alleged he was

illegally arrested and, upon his arrival to the Police Department, he "was the victim of a physical attack by [Officer Rodriguez] including injuries occasioned by the use of a baton to [his] back. Subsequent to the assault, [Officer Rodriguez] alleged that [Reyna] had assaulted him and caused criminal charges to be filed. Because of the extent of his injuries, [Reyna] required medical attention at a local hospital . . . ." Reyna requested the trial court award him damages.

The trial court dismissed the claims against Officer Rodriguez, and Reyna did not appeal that dismissal. The City filed a plea to the jurisdiction, asserting its immunity from suit "because [Reyna]'s claims are not subject to a waiver of immunity and are expressly excepted from the Texas Tort Claims Act." The City asserted "[t]o the extent that [Reyna] claims that the City of Laredo and its Police Department are subject to suit and are liable for assault and false arrest, such claims are barred by immunity." Accordingly, the City posited the trial court "lacks subject matter jurisdiction over such claims."

Reyna filed an amended petition alleging "[t]he use of the baton to inflict pain and injuries on [Reyna] provides for waiver of sovereign immunity in that it involves the use of personal property by an employee of the Defendant." He further alleged "[t]he use of the county jail to confine [Reyna] provides for waiver of sovereign immunity in that it involves the use of real property by an employee of the Defendant." He further alleged Officer Rodriguez's use of force was the result of negligent supervision and training. The trial court denied the City's plea, and the City filed a timely notice of appeal.

## STANDARD OF REVIEW

Subject matter jurisdiction is necessary for a trial court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Sovereign and governmental immunity from suit deprive a trial court of subject matter jurisdiction over suits

against the state and its political subdivisions, including cities. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). To invoke a trial court's subject matter jurisdiction over a claim against a city, the plaintiff must allege a valid waiver of immunity from suit and plead sufficient facts demonstrating the trial court's jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A governmental entity may raise immunity through a plea to the jurisdiction. *See id.* at 225-26. In reviewing a trial court's ruling on a plea to the jurisdiction, we look to the plaintiff's live pleadings to determine whether the plaintiff has pleaded facts affirmatively demonstrating the trial court's subject matter jurisdiction. *Id.* at 226. We liberally construe the pleadings and accept the factual allegations as true. *Id.* "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.* at 227. The existence of subject matter jurisdiction is a question of law that we review de novo. *Id.* at 226.

## THE TEXAS TORT CLAIMS ACT

Reyna argues he alleged a valid waiver of immunity from suit under the Texas Tort Claims Act (TTCA). "The TTCA provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 101.023). In relevant part, the TTCA provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). The TTCA does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* § 101.057(2). Because the TTCA does not apply to intentional torts, the TTCA's limited waiver of immunity does not apply to intentional tort claims against a governmental unit. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Therefore, trial courts lack subject matter jurisdiction over claims against governmental units for assault, false imprisonment, or any other intentional tort because there is no valid waiver of immunity from suit under the TTCA. *See id.*; *Miranda*, 133 S.W.3d at 226.

## A. *False Imprisonment, False Arrest, Assault & Malicious Prosecution*

Reyna's amended petition alleges Officer Rodriguez falsely imprisoned and assaulted him. Reyna alleged his false imprisonment and assault claims fall within the TTCA's limited waiver of immunity because the county jail was used to confine him and Officer Rodriguez used a baton to assault him.

The use of real or tangible personal property to accomplish an intentional tort "is encompassed within the exclusion of claims arising from intentional torts." *Tex. Dep't of Criminal Justice-Cmty. Justice Assistance Div. v. Campos*, 384 S.W.3d 810, 814 (Tex. 2012). In *Campos*, the plaintiffs argued state employees' use of a laundry room and adjacent storage room in the course of confining the plaintiffs during an assault, during which the state employees also used a laundry cart and keys, fell within the TTCA's limited waiver of immunity. *Id.* The Supreme Court disagreed, holding that because the "property was only used with intent to accomplish the assaults

. . . the property's use is encompassed within the exclusion of claims arising from intentional torts."

*Id.*

Reyna's allegations regarding the county jail and baton, which he alleged were used during the commission of false imprisonment and an assault, affirmatively demonstrate the property was used with intent to accomplish the assault and false imprisonment. Therefore, the use of the baton and the county jail is encompassed within the TTCA's exclusion of claims arising from intentional torts. *See id.* Because the trial court lacks subject matter jurisdiction over Reyna's assault and false imprisonment claims against the City, the trial court erred by denying the City's plea to the jurisdiction as to these claims. *See* TEX. CIV. PRAC. & REM. CODE § 101.021; *Miranda*, 133 S.W.3d at 226; *Petta*, 44 S.W.3d at 580.

Reyna's amended petition also alleges he was illegally arrested and, after he was assaulted, Officer Rodriguez "alleged [Reyna] had assaulted [Officer Rodriguez] and caused criminal charges to be filed." Liberally construed, Reyna's amended petition alleged claims against the City for false arrest and malicious prosecution. *See Miranda*, 133 S.W.3d at 226 (requiring courts to liberally construe pleadings). The City argues for the first time on appeal that the trial court lacks jurisdiction over these claims because they are both intentional torts. We have been directed to address jurisdictional challenges even when they are raised for the first time on appeal. *See Dallas Cnty. v. Logan*, 407 S.W.3d 745, 746 (Tex. 2013) (per curiam). False arrest and malicious prosecution are intentional torts. *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex. App.—San Antonio 1990, writ denied); *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex. App.—Texarkana 1994, no writ). Because trial courts lack jurisdiction over intentional tort claims against governmental units, the trial court lacks jurisdiction over Reyna's claims against the City for false arrest and malicious prosecution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Dunn*, 796 S.W.2d at 261; *Closs*, 874 S.W.2d at 869.

## B. *Negligent Hiring, Retention, Training & Supervision*

Reyna's amended petition alleged the City was negligent in training and supervising Officer Rodriguez. It also alleged the City owed Reyna a duty to "hire, supervise, train, or retain competent employees." Liberally construed, Reyna's amended petition alleges claims for negligent hiring and retention, as well as negligent training and supervision. *See Miranda*, 133 S.W.3d at 226 (requiring courts to liberally construe pleadings). Although the City's plea to the jurisdiction did not address Reyna's negligence claims, the City argues on appeal the trial court lacks jurisdiction over these claims against the City. Because the City's argument challenges the trial court's subject matter jurisdiction, we must address it. *See Logan*, 407 S.W.3d at 746.

As previously stated, "to successfully state a claim involving a waiver of sovereign immunity under the Act, a plaintiff must allege an injury caused by a 'condition or use of tangible personal property.'" *Uvalde County Hosp. Auth. v. Garcia*, 452 S.W.3d 1, 7 (Tex. App.—San Antonio 2014, no pet.) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)). "Texas law is clear and it has 'long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities.'" *Id.* (quoting *Petta*, 44 S.W.3d at 580). In *Garcia*, we held the trial court lacked jurisdiction over negligent supervision and training claims because such claims involve the transfer and receipt of information and not the use of tangible personal property or real property. *Id.* Negligent hiring and retention claims also involve the transfer and receipt of information and not the use of tangible personal property or real property. *See id.*

Because Reyna's allegations of negligent hiring, retention, training, and supervision of Officer Rodriguez involve the transfer and receipt of information and not the use of tangible personal property or real property, they do not demonstrate a valid waiver of immunity under the

TTCA for Reyna's negligence claims against the City. *See id.* Accordingly, we hold the trial court lacks jurisdiction over these claims. *See id.*

### C. *Official Immunity*

Reyna argues his allegations overcome Officer Rodriguez's official immunity. Specifically, Reyna asserts the City does not challenge "whether the action or conduct of [Officer Rodriguez] was 'discretionary or ministerial.'" He further argues his allegations demonstrate Officer Rodriguez's use of the baton during the assault was not in good faith. Official immunity is an affirmative defense that may be raised by a government official who has been sued in his individual capacity. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007). Reyna's claims against Officer Rodriguez are not before us and neither are Officer Rodriguez's affirmative defenses. Moreover, the City did not raise Officer Rodriguez's official immunity in its plea to the jurisdiction. Even if Reyna's allegations would overcome Officer Rodriguez's official immunity, his allegations affirmatively demonstrate there is no valid waiver of immunity under the TTCA for his claims against the City. Therefore, we need not reach the issue of Officer Rodriguez's official immunity. *See* TEX. R. APP. P. 47.1.

### CONCLUSION

Because Reyna's allegations affirmatively demonstrate the trial court lacks jurisdiction over his suit against the City, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment that Reyna's claims against the City are dismissed with prejudice.

Luz Elena D. Chapa, Justice