**Petition Conditionally Granted and Opinion Filed November 26, 2024**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-01213-CV

### IN RE: TEXAS BOARD OF PARDONS AND PAROLES, Relator

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-24-08957**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Miskel

Relator Texas Board of Pardons and Paroles ("TBPP") seeks a writ of mandamus to compel respondent, the Honorable Bridgett Whitmore, presiding judge of the 193rd Judicial District Court in Dallas County, to (i) vacate her order directing TBPP to engage in discovery and (ii) rule on TBPP's motion to dismiss for lack of jurisdiction. We conditionally grant the writ.

## I.    Background

This case arises from the shooting of two Methodist Hospital employees, Katie Annette Flowers and Jacqueline Pokuaa. On October 20, 2022, Nestor Hernandez traveled with his girlfriend to Methodist Hospital in Dallas for the delivery of their baby. He continued to visit the mother and child at the hospital for

the next two days. On October 22, while at the hospital, Hernandez got into an argument with his girlfriend. He then pulled out a handgun and, without explanation, killed the two Methodist employees. Hernandez was subsequently convicted of capital murder and sentenced to life in prison without the possibility of parole.

Prior to the shooting, Hernandez had served time in the Texas Department of Criminal Justice for multiple other felonies, including a conviction for aggravated robbery with serious bodily injury. On October 20, 2021, a little over one year before the shooting at issue in this case, Hernandez was released from prison and placed on parole supervision. His release was subject to conditions which included attending anger management classes and wearing an ankle monitor.

In June 2024, real party in interest Sarah Flowers ("Flowers"), individually and as representative of the heirs and estate of Katie Annette Flowers, filed a lawsuit against Hernandez and TBPP. Among other allegations, Flowers claims that (i) Hernandez committed several parole violations after he was released from prison, and (ii) TBPP's employees failed to take appropriate action in response to these violations because they misused the electronic monitoring equipment and systems that were in place to track Hernandez while he was on parole. Flowers alleges that TBPP's negligent uses or misuses of such equipment and systems proximately caused the death of Katie Annette Flowers. Flowers asserts claims against TBPP for (i) violation of the Texas Tort Claims Act; (ii) wrongful death pursuant to the Texas

Wrongful Death Act; (iii) a survival action pursuant to the Texas Survival Statute; and (iv) negligence of TBPP's employees under the doctrine of respondeat superior.

TBPP filed a motion to dismiss Flowers' claims for lack of jurisdiction. TBPP's motion to dismiss asserts that it is immune from suit under Texas law. TBPP also argues that Flowers's allegations, taken as true, conclusively establish that no waiver of immunity under the Tort Claims Act applies here. Accordingly, TBPP urges that respondent lacks jurisdiction to proceed on any claim.

TBPP's motion to dismiss was set for hearing, but Flowers filed a motion to continue the hearing. Flowers also served TBPP with written discovery and with a notice to take the deposition of TBPP's corporate representative. TBPP responded by filing a motion to quash the deposition, and Flowers countered by filing a motion to compel discovery. Flowers's motion requested that respondent compel the deposition of TBPP's corporate representative and permit Flowers to "conduct limited discovery to allow [Flowers] to adequately respond to Defendant's motion to dismiss."

On September 12, 2024, respondent held a hearing on the pending motions. At the conclusion of the hearing, respondent stated that she would grant Flowers's request for a continuance of TBPP's motion to dismiss to allow Flowers to conduct limited written discovery to develop the jurisdictional issues. Respondent verbally ordered TBPP to respond to the written discovery within 30 days, and she gave the parties an additional 30 days to resolve any potential discovery disputes. Also on

–3–

September 12, respondent signed an order (i) granting Flowers's motion to continue the hearing on TBPP's motion to dismiss and (ii) requiring TBPP to "engage in discovery in this matter." TBPP then initiated this mandamus proceeding.

## II. Standard of Review

Entitlement to mandamus relief requires TBPP to show that respondent has clearly abused her discretion and that TBPP has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## III. Respondent Clearly Abused Her Discretion by Ordering TBPP to Engage in Discovery Prior to Ruling on TBPP's Motion to Dismiss.

TBPP contends that respondent clearly abused her discretion by refusing to rule on TBPP's motion to dismiss for lack of jurisdiction prior to ordering it to submit to discovery. In TBPP's view, its motion to dismiss, which does not dispute jurisdictional facts, must be heard by respondent before considering whether to compel discovery.

### A. Applicable Law

Subject matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). As such, it "is never presumed and cannot be waived." *Id.* at 443–44. "[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The plaintiff may establish the state's consent either by reference to a statute

–4–

or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The legislative permission at issue in this case is found in § 101.021(2) of the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). The parties dispute whether Flowers's pleadings establish a waiver of immunity under this statute.

A plea to the jurisdiction may be presented as either an attack on the sufficiency of the pleadings or as an evidentiary attack on the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be given the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. In the context of a plea to the jurisdiction on immunity grounds, the Supreme Court of Texas has also stated that, if a plaintiff fails to allege or show facts demonstrating a waiver of immunity after having a reasonable opportunity to conduct discovery directed to the issue and to amend the pleadings, then the case should be dismissed. *See City of Austin v. Quinlan*, 669 S.W.3d 813, 823 (Tex. 2023); *Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 101 n.54 (Tex. 2023); *Tex.*

–5–

*Dep't of Crim. Just.–Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 815 (Tex. 2012) (per curiam).

On the other hand, "[I]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227; *see also Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018) ("[I]f the pleadings affirmatively negate the existence of jurisdiction, such that it is impossible to amend the pleadings to invoke jurisdiction, the plea may be granted and the suit dismissed without allowing the plaintiffs an opportunity to amend."); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) ("In some instances the pleadings or record may conclusively negate the existence of jurisdiction, in which case the suit should be dismissed.").

### B. Respondent Clearly Abused Her Discretion by Refusing to Rule on TBPP's Motion to Dismiss Prior to Ordering it to Submit to Discovery.

TBPP cites two mandamus decisions in which this Court held that the trial court abused its discretion by compelling any discovery before considering the defendants' pleas to the jurisdiction, which were based solely on the sufficiency of the plaintiffs' pleadings. *See In re Dallas Cnty.*, No. 05-21-01144-CV, 2022 WL 1467987, at *3–4 (Tex. App.—Dallas May 10, 2022, orig. proceeding) (mem. op); *In re Brown*, No. 05-20-00639-CV, 2020 WL 4047965, at *3–4 (Tex. App.—Dallas July 20, 2020, orig. proceeding) (mem. op.). As we stated in *In re Dallas County*,

"[w]ithout any fact-dependent jurisdictional arguments requiring further discovery, the trial court was obligated to hear the pleas to the jurisdiction at the earliest opportunity before considering whether to compel discovery." 2022 WL 1467987, at *3; *see also City of Galveston v. Gray*, 93 S.W.3d 587, 591–92 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (concluding trial court abused its discretion in refusing to rule on city's and county's respective pleas to jurisdiction and allowing plaintiff to conduct discovery on liability).

Flowers seeks to distinguish *In re Dallas County* and *In re Brown* because, unlike the targeted discovery order in this case, the orders in *In re Dallas County* and *In re Brown* subjected the defendants to discovery, or to a hearing, that was not confined to jurisdictional issues. We are not persuaded by this distinction because TBPP's jurisdictional challenges are based solely on the sufficiency of Flowers's pleadings, and there is no fact issue to be resolved prior to the trial court ruling on TBPP's motion to dismiss. *See In re Dallas Cnty.*, 2022 WL 1467987, at *3 (concluding that "the trial court abused its discretion by compelling *any* discovery before considering the pleas to the jurisdiction").

Flowers also cites Texas Supreme Court case law which recognizes that a plaintiff whose pleadings neither demonstrate nor affirmatively negate jurisdiction should be afforded a reasonable opportunity to conduct discovery directed to the issue of immunity and to amend her pleadings before her case is dismissed. *Quinlan*, 669 S.W.3d at 823; *Fraley*, 664 S.W.3d at 101 n.54; *Campos*, 384 S.W.3d at 815.

–7–

In contrast, if a plaintiff's pleadings conclusively negate the existence of jurisdiction, the Supreme Court has held that the plaintiff's case should be dismissed, *see Rusk State Hosp.*, 392 S.W.3d at 96, and, in this instance, the plaintiff need not be given an opportunity to amend. *See Meyers*, 548 S.W.3d at 486; *Miranda*, 133 S.W.3d at 227.

In this case, TBPP's motion to dismiss argues that Flowers's pleadings, taken as true, demonstrate conclusively that respondent lacks jurisdiction over any claim. Based upon the above authorities, we conclude that respondent must rule on TBPP's motion before she orders TBPPP to engage in jurisdictional discovery. If respondent determines that Flowers's pleadings, taken as true, demonstrate conclusively that no waiver of immunity applies here, then respondent should grant TBPP's motion to dismiss and dismiss Flowers's claims against TBPP without giving Flowers an opportunity to amend her pleadings or to take jurisdictional discovery. *See Meyers*, 548 S.W.3d at 486; *Rusk State Hosp.*, 392 S.W.3d at 96; *Miranda*, 133 S.W.3d at 227. On the other hand, if respondent determines that Flowers's pleadings do not contain sufficient facts to affirmatively establish or to affirmatively negate the existence of a waiver of immunity, then respondent should grant TBPP's motion to dismiss but may also afford Flowers an opportunity to take appropriate jurisdictional discovery and to amend her pleadings before dismissing her case. *See Quinlan*, 669 S.W.3d at 823; *Campos*, 384 S.W.3d at 815. We conclude that respondent clearly abused her discretion by requiring TBPP to engage in jurisdictional discovery before

–8–

respondent ruled on TBPP's motion. Respondent also abused her discretion by continuing the hearing on TBPP's motion to dismiss for the express purpose of conducting discovery.

## IV. TBPP Has No Adequate Remedy by Appeal.

TBPP also lacks an adequate remedy by appeal. Respondent's discovery order effectively requires TBPP to suffer the burden and expense of litigation before its claim of immunity from suit has been determined. This harm cannot be adequately remedied on appeal. *See In re Dallas Cnty.*, 2022 WL 1467987, at \*3. Although respondent's discovery order in this case is more targeted than the discovery order at issue in *In re Dallas County*, respondent's order nonetheless runs contrary to sovereign immunity, which bars an action against the State unless the State has consented to the action. *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 283–84 (Tex. 2022); *see also Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015) (stating that sovereign immunity "leaves to the Legislature the determination of when to allow tax resources to be shifted away from their intended purposes toward defending lawsuits and paying judgments") (internal citation and quotation marks omitted).

## V. This Court Should Exercise its Discretion to Grant TBPP Relief.

Flowers also asserts that mandamus is not an efficient way to resolve this dispute. *See In re Facebook, Inc.*, 625 S.W.3d 80, 86 n.2 (Tex. 2021) (orig. proceeding) ("[M]andamus is a discretionary writ, the availability of which depends

in part on our equitable judgment as to whether mandamus relief is an efficient manner of resolving the dispute.") (citation and internal quotation marks omitted); *Riverctr. Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (stating that issuance of mandamus is largely controlled by equitable principles). To support her argument, Flowers contends that TBPP did not file its mandamus petition until nearly halfway through the 60-day discovery period ordered by respondent. She also asserts that TBPP knew that its "petition either would be denied immediately or would not (in all probability) be ruled upon until after the time when it could have received a ruling from the trial court." In addition, Flowers urges that mandamus should not be used to resolve disputes involving a "routine matter" such as the discovery order at issue here. Again, given the purpose of sovereign immunity, *see Gulf Coast Ctr.*, 658 S.W.3d at 283–84; *Brown & Gay Eng'g, Inc*, 461 S.W.3d at 121, we conclude that mandamus is an efficient manner of resolving this dispute.

## VI. Conclusion

We conclude respondent clearly abused her discretion by compelling discovery before ruling on TBPP's motion to dismiss for lack of jurisdiction, and respondent's order leaves TBPP without an adequate remedy by appeal. Accordingly, we conditionally grant TBPP's petition for writ of mandamus, and we lift the stay imposed by our order dated October 17, 2024. We direct respondent to immediately vacate her September 12, 2024, Order—which granted Flowers's motion for continuance and ordered TBPP to engage in discovery—and to hear and

rule on the pending motion to dismiss for lack of jurisdiction within thirty days of

this opinion. We further direct respondent to file with this Court, within ten days of

the date of such hearing and ruling, a certified copy of her order issued in compliance

with this order. A writ will issue only if respondent fails to comply.


/Emily Miskel/

241213f.p05                     EMILY A. MISKEL
                                JUSTICE